274 So.2d 555 (1973)
Jerome Louis SILVERS, Appellant,
v.
Marilyn Natalie SILVERS, Appellee.
No. 72-736.
District Court of Appeal of Florida, Third District.
March 13, 1973.
Rehearing Denied April 4, 1973.
Horton, Schwartz & Perse, Hansford D. Tyler, Jr., Miami, for appellant.
Pallot, Stern, Proby & Adkins, Reiseman & Buchbinder, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant husband was defendant in a divorce action wherein the wife was granted a divorce, custody of their two minor children, the marital home as partial lump sum alimony, the sum of Five Hundred Dollars per month as alimony and the sum of Two Hundred Fifty Dollars per month as child support for each of their two children.
The issue presented on appeal by the defendant is whether the trial court abused its discretion in awarding alimony and child support in the total sum of One Thousand Dollars. Appellant contends that there was not sufficient competent evidence adduced to support an award in such an amount.
In the court's findings of fact and conclusions it stated:
"The Court finds that the integrity of the Defendant, JEROME LOUIS SILVERS, has been impeached. It is difficult to believe that the Defendant, a college graduate who has owned a home in Florida for a number of years, did not understand what he was signing when he signed an application for homestead exemption for the year 1970, and several months thereafter a sworn Complaint in *556 the Tennessee divorce action stating that he was a resident of the State of Tennessee since 1967. The Court finds that the Tennessee decree is not entitled to full faith and credit, since the Tennessee Court was without jurisdiction of the parties or the subject matter.
"The Court does, however, find the marriage is irretrievably broken and that there is no chance of reconciliation.
"The Court further finds that all of the earnings that have established the standard of living in the parties during their marriage have been derived from family corporations owned by the Defendant's family. The Defendant's salaries are dictated through the family to benefit the particular time and situation. The Court does not think the funds in particular belong to Defendant, but his salary is higher when the necessity is there and if the salary is lower, gifts are given to the Defendant in lieu of his salary.
"The Court finds it difficult to believe that a graduate engineer is flying down to Belietz, British Honduras to establish a new business on behalf of a corporation that his family is involved in to work for $650.00 per month.
"The Court finds that the Defendant abandoned his family when he went to Tennessee and sent them only $200.00 a month, knowing the mortgage payments on the home exceeded this sum. Since the Defendant, through his attorney, offered the home as lump sum alimony, this Court will award unto the Plaintiff the marital home as partial lump sum alimony.
"The Court will not award the sum of $1,500.00, suggested by Plaintiff's attorney, but the Court feels that the sum of $1,000.00 per month for alimony and support would be within the Defendant's ability to pay."
There is testimony showing that the wife and children need the sum of $1,700.00 per month for their usual expenses. There is also testimony showing that the husband had, prior to their separation, supplied the family with approximately $20,000.00 yearly for their living expenses. During such time defendant was employed by corporations owned by his family. His salary was $30,000.00, plus a $10,000.00 expense account. After the parties became involved in the instant divorce action appellant became unemployed for a while and later, at the time of the final hearing, was employed at a salary of $650.00 per month in British Honduras by a corporation owned by his family.
In Klein v. Klein, Fla.App. 1960, 122 So.2d 205, it was held:
"On reviewing a question as to the correctness or reasonableness of a chancellor's allowance of alimony, made after trial of the cause before him, the appellate court should not substitute its judgment for that of the chancellor. Alimony awards should not be reversed or revised unless they represent an abuse of discretion or are unsupported by material competent evidence."
"* * *
"Where the head of a family by supplying money over a period of years, establishes and maintains a standard of living on a certain financial level, it may be inferred, in the absence of a sufficient showing to the contrary, that he has a source of income or financial status sufficient to enable him to continue to maintain his spouse in substantially the same manner of living." Farbman v. Farbman, Fla.App. 1968, 208 So.2d 648; Preston v. Preston, Fla.App. 1968, 216 So.2d 31.
We have carefully considered the record on appeal, briefs and arguments of counsel in the light of the controlling principle of law and have concluded that the trial judge did not abuse his discretion and that there is sufficient competent evidence to *557 support the trial court's alimony and child support award. For the reasons stated the judgment appealed is affirmed.
Affirmed.