304 So.2d 497 (1974)
Ottilia K. NICHOLS, Appellant,
v.
Byron D. NICHOLS, Appellee.
No. W-119.
District Court of Appeal of Florida, First District.
December 12, 1974.
*498 T. Sol Johnson of Johnson, Johnson & Green, Milton, for appellant.
Allen W. Lindsay, Sr., of Lindsay & Lindsay, Milton, for appellee.
McCORD, Judge.
This is an appeal from a final judgment of dissolution of marriage. The only question raised is whether or not the trial court erred in awarding only rehabilitative alimony and only in the amount of $200 per month. The final judgment awarded "rehabilitative alimony in the sum of $200 per month for six (6) months only, beginning on June 1, 1974." We have read the record and considered the briefs submitted by the parties. In divorce matters, the chancellor has broad discretion and his judgment comes to the appellate court clothed with a presumption of correctness. West v. West, Fla.App. (1st), 260 So.2d 541.
We agree with the six months' award of rehabilitative alimony in the sum of $200 per month, but it is our opinion that the final judgment should have specifically reserved jurisdiction to award permanent alimony at a future time if later applied for and properly allowable under § 61.14, Florida Statutes. From the record it appears that appellant has trouble with her vision.
Perhaps the trial court considered that under the aforesaid statute it has continuing jurisdiction to later award permanent alimony and possibly it does. However, this question is not directly before us and has not been briefed by the parties; thus, we do not rule upon it at this time.
Affirmed in part and reversed in part with directions to modify the final judgment to specifically reserve jurisdiction as to subsequent award of permanent alimony if later applied for and properly allowable under Section 61.14, Florida Statutes.
RAWLS, C.J., and JOHNSON, J., concur.