308 So.2d 544 (1975)
Alan M. VENZER, Appellant,
v.
Arlene R. VENZER, Appellee.
Nos. 74-771, 74-1635.
District Court of Appeal of Florida, Third District.
February 25, 1975.
Rehearing Denied March 19, 1975.
*545 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellant.
Horton, Perse & Ginsberg, Miami, for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
From a judgment of dissolution of marriage an appeal was filed by the respondent Alan M. Venzer, seeking reversal of the provisions thereof relating to child support and lump sum alimony (Appeal No. 74-771). The respondent also filed an interlocutory appeal from a later order adjudging him in contempt for delinquency in payment of a portion of the ordered child support (Appeal No. 74-1635).
There are three children of the marriage, daughters whose ages at the time of the judgment were approximately eleven, fifteen and seventeen years. The parties owned a home as tenants by the entirety, in which the family resided. The home was purchased eight years earlier for $50,000. Later a $50,000 mortgage had been obtained thereon, which has been reduced to approximately $45,000. The monthly payments on the mortgage for principal, interest and escrowed sums for taxes and insurance, are approximately $500. The present value of the property over the mortgage, according to the estimates *546 of the parties, is between $50,000 and $100,000. The husband is employed, with a gross salary income of $35,000 per year. He has no other assets. Some thousands of dollars which were in an account of the parties, which the husband took over, have been expended. It was his contention that his net annual income was not in excess of $20,000. It was stated in the judgment that the wife is "an intelligent woman of 37 years of age who will and should be able to support herself in the future".
By the judgment the wife was awarded custody of the children. The husband was ordered to pay to the wife for their support the sum of $500 per month for each child, to maintain a major medical insurance policy for them and to pay for their extraordinary dental expenses. In addition the husband was required to keep in force a life insurance policy, with the children as beneficiaries. By a further provision the husband was ordered to pay the outstanding bills which had been incurred by the wife during the marriage.
The judgment awarded to the wife, as lump sum alimony, the husband's interest in the home property, and in the furniture and furnishings therein. As basis for that award the judgment recited as follows:
"5. The parties have acquired a marital home valued at approximately $100,000, on Miami Beach, Dade County, Florida, more commonly known as 5835 Pine Tree Drive. The husband has made allegations that the house is too expensive and too large for the family, however, the wife has indicated her desire to remain in that house with her three children; especially since all the minor children have physical and medical problems, and the burden of moving and reestablishing the family would create undue physical and mental hardship on them. Having considered the costs of moving, apartments, and various other expenses, and a consideration of the mortgage, equity therein, and in lieu of any further alimony, either rehabilitative or permanent, the wife shall become the sole owner of said marital domicile as lump sum alimony."
Dealing first with the contention of the husband that it was an abuse of discretion, and therefore error to award to the wife the husband's interest in the marital residence and its contents, we hold that contention has merit. To the established law that such properties held by the spouses as tenants by the entirety should not be awarded to the one or the other upon divorce or dissolution of marriage, but thereafter shall continue to be owned by them, as tenants in common (§ 689.15 Fla. Stat., F.S.A.; Valentine v. Valentine, Fla. 1950, 45 So.2d 885), there are the exceptions that an award to the wife of the husband's interest in such property is proper where and to the extent she is able to establish the existence of a special equity therein in her favor (and the trial court found she had no such special equity), and where a transfer of the husband's interest in such property to the wife is ordered by the court as lump sum alimony. Reid v. Reid, Fla. 1954, 68 So.2d 821; Rankin v. Rankin, Fla.App. 1972, 258 So.2d 489.
Here, however, as revealed by the record and found in the judgment, the wife was not in need of permanent alimony or of any substantial award of rehabilitative alimony (such as the husband's equity in the residence, valued between $25,000 and $50,000). We hold therefore that it was an abuse of discretion to award to the wife the husband's interest in the residence property "in lieu of" either permanent alimony or rehabilitative alimony. In fact within a few months after the judgment the wife remarried.
The understandable finding of the court that it was in the best interests of the parties, particularly for support of the children, that the wife and the children be permitted to have continued possession and use of the marital residence, did not require or justify transfer of the husband's valuable interest in the residence property to the wife. The object intended could have been accomplished (without violating *547 the property interests of the parties) by making provision for the wife to have possession and use of the residence property during the minority of the children. See Kennedy v. Kennedy, Fla. 1974, 303 So.2d 629. Compare Hanzelik v. Hanzelik, Fla. App. 1974, 294 So.2d 116.
For the reasons stated, the provision of the judgment awarding to the wife as lump sum alimony the husband's interest in the marital home and the furniture, fixtures and furnishings therein is hereby reversed, leaving the parties owners thereof as tenants in common.
The judgment is hereby amended to provide that the petitioner Arlene R. Venzer shall have the right of possession, occupancy and use of the marital home (and its furniture, fixtures and furnishings) for the purpose of residing therein with the children of the parties during the minority of such children or any of them, unless the trial court after noticed hearing hereafter shall otherwise order; and from the time of the effectiveness hereof the carrying charges on the residence property consisting of the monthly payments on the mortgage and the taxes and insurance and necessary repairs shall be borne equally by the petitioner and respondent.
The question arises as to whether the respondent husband will be accountable to the wife for one-half of such carrying charges on the property for the period for which the same were paid by her from the time of the judgment to the effective date hereof. Ordinarily, for having made such payments, the wife would be entitled to be reimbursed by the husband for the one-half thereof which it was his obligation to pay by reason of his equal ownership interest. See Lyons v. Lyons, Fla.App. 1968, 208 So.2d 137, 139. Here, however, where the wife was awarded full ownership of the property by the judgment in order to have the use of the residence for herself and the children, the fact that she would be required to make the payments thereon was taken into consideration in the fixing of the amount to be paid to her by the husband for child support. Thus, in practical effect the husband's share of such expense will have been supplied by him, by and upon paying the support as required. For that reason, in this instance, the husband will not be accountable to the wife for one-half of such carrying charges on the property for the period from the judgment to the effective date hereof. An additional reason for this holding is the balancing circumstance that the husband was required to pay the indebtednesses incurred by the wife prior to dissolution of marriage, which amounted to substantially more than the husband's share of the residence carrying charges for that period.
The appellant argues that the award of $500 per month for support of each child, in addition to the medical and insurance payment required, is excessive, and is improper in that it is beyond his financial ability to perform. Within approximately two months after the judgment the oldest of the daughters became eighteen years of age, and the parties have recognized that the requirement for payment of $500 per month for support of that daughter did not continue after she became eighteen years old. Thereupon the obligation of the husband was to pay $1,000 a month for child support. The minor children have certain medical and special schooling needs. The husband showed that although his employment produces an annual salary of $35,000, considerable traveling by him which is required in his position results in substantial travel and living expenses (away from his home) for which he is not reimbursed, and he contends that those with other necessary expenses result in his net income being such that the child support awarded by the court is excessive when measured against his financial ability.
The determination of the amount to be paid for child support is a matter resting largely in the discretion of the court, having regard to the circumstances of the case. We hold no abuse of discretion therein has been shown, in the judgment under which the wife would be paying the carrying charges on the residence property. *548 However, in view of our holding with respect to the ownership of the residence property by the parties as tenants in common, as a result of which the husband will be required to pay one-half of the carrying charges on the property, and the wife will be obligated hereafter to pay only one-half rather than the entire amount thereof, we hold that from the first of the month following the filing of our mandate in this case, the amount of child support to be paid to the wife by the husband shall be $375 per month for each of the two children, thereby reducing the monthly payment of $1,000 child support to $750, and the judgment is hereby so amended.
On appeal No. 74-1635 filed by the husband from an order holding him in contempt it appears that ruling was based on the unilateral action of the husband in paying part only of the ordered child support for a period of months. On consideration of the facts and arguments relating thereto we hold no basis in law has been shown to disturb that order of the trial court.
On appeal No. 74-771 the judgment is affirmed in part and reversed in part and amended, in the respects set out hereinabove. On appeal No. 74-1635 the order appealed from is affirmed.