314 So.2d 783 (1975)
Kris REISMAN, Appellant,
v.
Jeffrey REISMAN, Appellee.
No. 74-485.
District Court of Appeal of Florida, Third District.
April 15, 1975.
Rehearing Denied July 9, 1975.
*784 Joseph W. Malek and Otto C. Stegemann, Miami Beach, for appellant.
Richard H.W. Maloy, Coral Gables, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Petitioner-appellant seeks review of certain provisions of a final dissolution of marriage judgment.
The parties to this action were married in 1968. A daughter of the marriage was born in 1970 and a son was born in 1972. Appellant herein, Kris Reisman, petitioned for dissolution of marriage in August 1973 and on February 28, 1974 an amended final judgment dissolving the marital bonds was entered. The judgment provided, inter alias, that appellee herein, Jeffrey Reisman, pay the appellant $75 per week for six months as rehabilitative alimony and a total of $40 per week as child support, $25 per week for the daughter and $15 per week for the son. Appellant also was awarded custody of the children and occupancy of the marital residence until July 1, 1974.
Appellant, ex-wife, appeals therefrom and contends the trial court abused its discretion as to the award of rehabilitative alimony, child support and limited period of occupancy of the marital residence.
When a marriage is dissolved, it is the duty of the ex-husband to provide his ex-wife within the limits of her needs, his financial ability and the standards established by himself during the marriage. Kalmutz v. Kalmutz, Fla.App. 1974, 299 So.2d 30.
As to the financial ability of the appellee, ex-husband, the record reflects that he is a real estate appraiser, and he has an average yearly income of approximately $14,000 to $15,000. In addition, appellee receives $1,000 monthly from a trust and every five years receives $25,000 therefrom. With regards to the appellant, ex-wife, testimony reveals that she has a college degree in teaching and a temporary teaching certificate, and although while a student engaged in substitute teaching, she has never been gainfully employed. The record also reveals that in 1973 appellant sustained a permanent neck injury in an automobile accident. At the time of the dissolution, the parties owned a 5 bedroom, 3 bath residence with a swimming pool, two automobiles and a sailboat. They resided in a good neighborhood and maintained a high standard of living.
On the above facts, we find that the chancellor abused his discretion in awarding rehabilitiative rather then permanent alimony and we hereby amend the judgment to provide that the appellee ex-husband pay appellant ex-wife $35 per week as permanent periodic alimony during the lifetime of appellant or until she shall marry with the proviso that if appellee should predecease the appellant while the obligation to pay such alimony is in effect, the obligation to pay the same would terminate thereupon. See Goldstein v. Goldstein, Fla.App. 1975, 310 So.2d 361 (3 DCA opinion filed March 18, 1975).
Further, we find that the amount of child support awarded is inadequate and modify the judgment with respect thereto to read: "The Husband shall pay to the Wife for the support and maintenance of the minor children the total sum of $100 per week, $50 per week for each child."
Last, we hereby strike that provision of the final judgment with respect to the occupancy of the marital residence and upon remand direct that the chancellor alter the judgment with respect thereto to provide that the appellant, ex-wife, be awarded exclusive occupancy of the marital residence for herself and the two minor children until such time as the children attain majority status. During the period appellant is occupying the residence, she *785 shall be responsible for the payments due under the first and second mortgages held by Flagler Federal Savings and Loan Association and shall be further responsible for the taxes thereon. Upon both children reaching the age of majority, the residence shall be offered for sale and the net proceeds from the sale thereof shall be divided equally between appellee and appellant with appellant being given credit for one-half the principal mortgage payments exclusive of interest. After the property is sold, from appellee's net proceeds of the sale, appellee shall pay Frank Alter the balance due on the third mortgage held by Frank Alter together with accrued interest.
The judgment herein appealed is affirmed in all other respects and the cause remanded for further proceedings in accordance herewith.
It is so ordered.

ON PETITION FOR REHEARING
On petition for rehearing, appellee, Jeffrey Reisman, noted the silence in our opinion as to whether appellee should receive credit for the mortgage and tax payments on the marital residence made by him since the dissolution of marriage judgment was entered. We hereby amend the original opinion with respect thereto at page 3 to read as follows: "Upon both children reaching the age of majority, the residence shall be sold and the net proceeds from the sale thereof shall be divided equally between appellee and appellant with appellant being given credit for one-half the principal mortgage payments, exclusive of interest and taxes made by appellant during her occupancy of the marital residence; appellee, ex-husband, shall be given credit for one-half of the principal mortgage payments, exclusive of interest and tax payments made by appellee since the entry of the dissolution of marriage judgment, less the March and April 1975 monthly payments which appellant made after being forced to borrow money therefor."
In response to appellee's petition for rehearing, appellant, Kris Reisman, additionally noted that the original opinion in this appeal remained silent with respect to the costs of repairs, maintenance and insurance of the marital home and garden which are vital for the protection of the dwelling and the ownership interest therein of the respective parties. Accordingly, we add the following provision with respect thereto to this court's opinion of April 15, 1975: "Appellee, Jeffrey Reisman, shall be responsible for payment of the necessary repairs, maintenance and insurance of the marital residence during the occupancy thereof by the appellant, ex-wife. Upon the sale of the residence, appellee shall be given credit from the proceeds thereof for payment of one-half of these expenses."[1]
The petition for rehearing as directed to our opinion as modified is denied.
NOTES
[1] See Hendricks v. Hendricks, Fla.App. 1975, 312 So.2d 792 (3 DCA opinion, filed May 20, 1975).