PER CURIAM.
Both the wife and husband appeal from the provisions of a final judgment of dissolution of marriage.
The wife, Jean Shaw, contends (1) that an award of $50 a week in rehabilitative alimony for a period of one year, commencing July 1, 1974, was inadequate; (2) that it was error to make her responsible for all mortgage payments, taxes, insurance, utilities, and all repairs thereto and maintenance thereof pertaining to the marital home, possession of which was given to the wife and three children; (3) that the wife should not have to pay one-half of the medical and dental expenses of the two daughters, Leslie and Julie, who are still minors; (4) that $30 per week per child as child support for the girls is inadequate; and (5) that it was error not to grant the use of the marital residence to the wife until she dies or remarries (limiting the use until the minor children reach their majority or move out).
The husband, Gerald Shaw, responds on his cross-appeal, asserting (1) it was error to award the wife any alimony, (2) it was error to order him to equalize his savings account with the wife and finding that all monies in the said accounts belong equally to both parties; and (3) it was error to award custody of the two minor girls to their mother.
We have considered carefully the several contentions of the parties in light of the record. It is our conclusion that no abuse of discretion has been demonstrated, except as specifically discussed hereafter.
First, while we do not find error in the amount awarded as alimony or the limitation placed upon such payments, we do believe it was an abuse of discretion not to reserve jurisdiction so that the court might reconsider an extension of alimony in light of changed circumstances. See Elkins v. Elkins, Fla.App.1973, 287 So.2d 119.
At the final hearing the wife testified that she was limited from seeking employment because of her responsibilities in caring for the children (ages 19, 16 and 8 at the time of the final hearing) and also because of a physical problem with her arm.
Under the circumstances, we deem it prudent for the court to retain jurisdiction in the event the wife desires to file a petition for modification to continue the payments due to expire shortly.
Next, we think it was error for the court to make the wife solely responsible for the mortgage payments, taxes and insurance upon the marital home jointly owned by the parties. Further, we hold that the provision of the final judgment requiring the wife to pay for one-half of all future medical and dental expenses of the minors should be modified, and the husband shall be solely responsible for such expenses, provided that if no emergency exists, the wife must confer with the husband beforehand.
It is our view that the husband has the ability to pay for the expenses upon the marital home, which we have enumerated above, both as an element of child support and also to maintain his own half interest in the property. See, Cooper v. Cooper, Fla.App.1972, 260 So.2d 272; Green v. Green, Fla.App.1970, 230 So.2d 492; Berger v. Berger, Fla.App. 1966, 182 So.2d 279; Rudolph v. Rudolph, Fla.App.1962, 146 So.2d 397.
The husband is a practicing attorney, and his 1973 tax return reflects an adjusted gross income of over $30,500. It is apparent from the final judgment that the wife was given possession of the home for herself and the children as an award of child support.
*207 Therefore, we further hold that upon an eventual sale of the marital property, the husband shall be entitled to a credit for one-half of the mortgage payments, taxes and insurance which we are now making him responsible to pay for.
Accordingly, the final judgment appealed is affirmed with the modifications as noted.