332 So.2d 673 (1976)
Monserrate B. McNAUGHTON, Appellant,
v.
Gerald D. McNAUGHTON, Appellee.
No. 75-946.
District Court of Appeal of Florida, Third District.
May 11, 1976.
Rehearing Denied June 22, 1976.
*674 Sinclair, Louis, Siegel & Heath and John L. Zavertnik, Miami, for appellant.
Law Offices of Swan & Summers, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
Monserrate B. McNaughton appeals the final judgment dissolving her marriage to Gerald D. McNaughton. She assigns error upon the financial provisions made for her and the children.
The parties were married in 1957 when she was an airline stewardess and he was an airplane mechanic. The husband is now an airline pilot with an income of $52,086 per year. The wife has not worked outside the home since shortly after the marriage; the husband testified that she has been a good wife and mother. There are three children: Robert 15, Gregory 14 and Bert 7. The husband is now 42 and the wife is 43 years of age.
The husband and wife have lived well and now own a home and three cars. Since the husband left the home, he has rented an apartment for $205 per month and estimates that he needs $772 per month for expenses. The cost for the maintenance of the home are: mortgage payments and taxes, $375 per month; electricity, $92.18 per month; incidental care, about $37 per month.
The final judgment provides: (1) The wife is to have custody of the three children including child support of $125 per month for each child.[1] The husband is to provide for medical expenses. He may provide for private schooling for Bert, age 7, if he so desires. (2) The house is to remain as a tenancy in common, to be occupied by the wife and children until 1980. The wife is to pay the mortgage, insurance, and all other expenses of the property. The home and furniture are to be sold after January 1, 1980, or prior thereto if the wife remarries or the children no longer occupy the home. (3) The wife is to receive rehabilitative alimony as follows:
* * * * * *
"... the sum of $750.00 per month on the 15th day of each month commencing with March 15, 1975 and continuing thereafter until the 15th day of December, 1975; on January 15, 1976 through December 15, 1976, the said payments shall be reduced to $600.00 per month; on January 15, 1977 through December 15, 1977, the said payments shall be reduced to $550.00 per month; on January 15, 1978 through December 15, 1978, the said payments shall be reduced to $500.00 per month; on January 15, 1979, through December 15, 1979, the said payments shall be reduced to $350.00 per month. Upon the Husband's payment of said rehabilitative alimony of $350.00 on December 15, 1979, the Husband's reponsibility for rehabilitative alimony shall terminate and cease, or upon the death or remarriage of the Wife, if such event occurs prior to December 15, 1979."
* * * * * *
The wife contends: (1) The court erred in providing rehabilitative rather than permanent alimony; (2) the alimony and child support are inadequate; (3) the court erred in failing to retain jurisdiction for the possible further needs of the wife; (4) it was improper to require the wife to pay all of the fixed expenses of the home; and (5) the court erred in ordering the sale of the home. The husband contends that the awards are within the discretion of the trial judge and that the issue of the sale of the home was tried by mutual consent.
*675 We hold that the trial judge erred in determining that the facts of this case called for rehabilitative alimony. See Reback v. Reback, Fla.App. 1974, 296 So.2d 541; and Schwartz v. Schwartz, Fla.App. 1974, 297 So.2d 117. This 43 year old mother has no income or training. She ought not be required to leave the home and the children in order to gain the means of support when the husband is well able to support his wife and children during the minority of the children. The wife will be 54 years old when the youngest child reaches 18. For the court to determine at this time that the wife can enter the labor market and support herself at that time is a prediction that need not be made at this time because the court may adjust alimony to changed conditions upon a proper petition. During the marriage, the husband maintained a good home and approved of the role of the wife. There is no reason that the dissolution should disrupt the home for the children so long as the husband is well able to maintain them in that home. We therefore, hold that error has been demonstrated on this point.
The amount of $750 per month as alimony is adequate and that amount is not an abuse of the discretion of the trial judge. See Silvers v. Silvers, Fla.App. 1973, 274 So.2d 555. Our review of the record reveals no basis for the intermittent reductions in the amount of alimony. The sum of $750 is not excessive in view of the wife's obligation to make all payments on the home and to carry all household expenses. It is not necessary for a trial judge to anticipate changes in the circumstances. The statutes and the case law of this state provide the judge with a wide basis for the change in the amount of alimony where there is a change in financial circumstances or where equity so requires. See Fla. Stat. § 61.14; and Nichols v. Nichols, Fla.App. 1974, 304 So.2d 497. The reduction of alimony from $750 to lesser amounts is an abuse of discretion under the facts of this case. We find no basis or reason to disturb the amount of child support allowed.
The wife's point directed to the court's failure to retain jurisdiction was well taken under the judgment for rehabilitative alimony. See Weinman v. Weinman, Fla.App. 1975, 310 So.2d 442; and Shaw v. Shaw, Fla.App. 1975, 314 So.2d 205. The court has properly retained jurisdiction for other purposes. In view of our determination that rehabilitative alimony is not proper in this case, we need not consider this point further.
We hold that it was not error to require the wife to pay all expenses of the home while it is being maintained as a residence for herself and the children.
The wife correctly contends that it was error for the court to order the sale of the home in 1980. Real property held as an estate by the entireties is not automatically subject to sale as a part of a dissolution of marriage. See Harder v. Harder, Fla.App. 1972, 264 So.2d 476. We do not find that the wife consented to the injection of that issue into the trial. The order for a future sale is improper for the additional reason that the youngest child will be 12 years old in 1980. Unless there is a change in circumstances, the home should not be disturbed until the youngest child reaches majority. See Reisman v. Reisman, Fla.App. 1975, 314 So.2d 783; Venzer v. Venzer, Fla.App. 1975, 308 So.2d 544; and Plant v. Plant, Fla.App. 1975, 320 So.2d 455.
Having reached the conclusion that error has been shown, we reverse the judgment appealed as to the provisions for alimony and the order for the sale of the home and remand the cause for the entry of an amended judgment which shall provide: (1) that the wife shall receive $750 per month periodic alimony, permanent in nature, (2) that the wife shall have the use and occupancy of the home until the youngest child reaches majority unless the wife *676 remarries or the property is no longer used as a home for the children, and (3) that the provision for the sale of the home be stricken from the appealed judgment.
Reversed and remanded.
NOTES
[1] We were informed at oral argument that one of the children is now with the father. If this arrangement is permanent, the judgment should be amended as to support for that child.