380 So.2d 473 (1980)
Amy Louise GARRISON, Appellant,
v.
William N. GARRISON, Appellee.
Nos. 78-1163, 78-1164.
District Court of Appeal of Florida, Fourth District.
February 6, 1980.
James R. Rich of Christiansen, Jacknin & Myers, Palm Beach, for appellant.
Larry Klein and Cone, Owen, Wagner, Nugent, Johnson & McKeown, P.A., West Palm Beach, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
On July 26, 1976, the Palm Beach County Circuit Court, in dissolving the 32 year marriage *474 of the parties, ordered Mr. Garrison to provide his wife as alimony:
(a) rehabilitative periodic payments of $800 per month for two years; $650 per month for the succeeding two years; and $450 per month for four years thereafter, or until August 1, 1984, when the payments were to end entirely;
(b) the mortgage, taxes and insurance payments on the marital domicile, totaling approximately $400 per month, to continue for as long as Mrs. Garrison resided there; in another portion of the judgment, she was given exclusive possession of the home until the youngest child, who was then 14, reached 18; and
(c) a new automobile every other year until 1980.
The trial judge denied the wife permanent alimony on the ground that
"she has not carried the burden of showing that she must be completely and permanently dependent upon the husband for the rest of her life."
Mrs. Garrison appealed the judgment to this court, which in Garrison v. Garrison, 351 So.2d 1104 at 1105 (Fla. 4th DCA 1977), reversed that ruling, holding:
[T]hat a showing of complete and permanent dependence by the wife on her husband is a factor to be considered; but it is not an essential element which must be proved before there can be an award of permanent alimony. As was noted by the trial judge, the present case contains most of the factors enumerated in McAllister, [McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977)], indicating that an award of permanent alimony is appropriate.
The error is harmful even though the wife may at any time during the rehabilitative period petition for a continuation of rehabilitative alimony or a modification to make the alimony permanent. This is so because the burden is placed upon the wife to show significantly changed circumstances before there can be a modification. If she is entitled to permanent alimony it should be awarded now. Later, if the husband can show changed circumstances, either his or hers, he may be entitled to modification. Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973).
It may be that a combination of permanent and rehabilitative alimony would be justified. As stated in McAllister, supra, at 355, we do not intend to lend support to the thought that a middle aged healthy woman need not go out to work. The wife should be encouraged to seek employment, and to accomplish this, in addition to permanent alimony, an award of rehabilitative alimony may be appropriate.
Upon remand the trial court is directed to reconsider that part of its final judgment awarding rehabilitative rather than permanent alimony and enter a new order consistent with this opinion.
Pursuant to the mandate which followed this decision, the lower court again considered the cause on April 27, 1978. At that hearing, which afforded an almost unique opportunity to consider whether the rehabilitative intent of the judgment had been justified by actual events, it was revealed that Mrs. Garrison had indeed been employed since the dissolution. Unfortunately, her efforts had been only minimally successful. Although she had been engaged as a real-estate broker on a full time basis, she earned only $2,300 in all of 1977 and $175.00 during the first four months of 1978. There was no evidence adduced which indicated that her real estate income would or was likely to increase in any way during the succeeding years. The record of the hearing on remand showed also that the child had left the home to live with her father and that the parties were in the process of selling it. Although we are told that Mrs. Garrison will receive approximately $18,500 for her equity, the sale will result in a termination of Mr. Garrison's obligation to pay all the costs of her place to live; and Mrs. Garrison will then be required to shoulder that burden herself.
In most other respects the situation had remained about the same. Mr. Garrison, the general manager of Garrison Datsun, *475 remained fully able to pay the alimony awards, of well over $1,200 per month, as were required for the first two years after the dissolution. On the other hand, Mrs. Garrison was barely able to meet her needs  to within $5.00 per month  by combining the amounts received from her ex-husband and her real estate income.
Subsequent to the hearing, the trial judge entered an order which provided
"that the alimony requirement be the same as that set out in the final judgment, except that commencing August 1, 1984 the Husband shall pay Three Hundred ($300.00) Dollars per month as permanent alimony."
Under the order, Mrs. Garrison would receive $800 per month until August, 1978; $650 per month until August 1, 1980; $450 per month until August 1, 1984; and $300 per month permanently thereafter. Mrs. Garrison has again appealed. Again, we are compelled to reverse.
It is obvious, as our prior opinion makes clear, that this is in all respects, an appropriate case for an award of permanent alimony. Under the circumstances, we cannot interfere with the court's conclusion that the $800.00 per month initially provided was a reasonable award commensurate both with the needs of the wife  as partially satisfied by her own income  and the husband's ability to pay. Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). We agree with the wife's contention, however, that there is no basis in the record to support the successive diminishments of that amount over the ensuing years. Since there is no showing that Mrs. Garrison, who is now 53, would earn any more from her real estate endeavors in the future than she has in the past, the progressive reductions in alimony can be based only on the lower court's speculation and conjecture as to a favorable change in her circumstances. It is axiomatic that no order so founded may be permitted to stand. On this record, therefore, the following statement in McNaughton v. McNaughton, 332 So.2d 673, 675 (Fla. 3d DCA), cert. denied, 345 So.2d 424 (Fla. 1977) is controlling:
The amount of $750 per month as alimony is adequate and that amount is not an abuse of the discretion of the trial judge. See Silvers v. Silvers, Fla.App. 1973, 274 So.2d 555. Our review of the record reveals no basis for the intermittent reductions in the amount of alimony ... It is not necessary for a trial judge to anticipate changes in the circumstances. The statutes and the case law of this state provide the judge with a wide basis for the change in the amount of alimony where there is a change in financial circumstances or where equity so requires. See Fla. Stat. § 61.14; and Nichols v. Nichols, Fla.App. 1974, 304 So.2d 497. The reduction of alimony from $750 to lesser amounts is an abuse of discretion under the facts of this case.
Similarly, this court noted in McCloskey v. McCloskey, 359 So.2d 494, 497 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla. 1979):
As we did in the McAllister case supra, we point to the fact that the court here, in effect, additionally made an award of rehabilitative alimony in the sum of $58,000 per annum (the cost of maintaining the house in which the wife is to live for 5 years). We are of the opinion that such an award of rehabilitative alimony was in error. There was not the slightest reason to suppose that the wife's needs would be any different 5 years later than they were on the day of the final hearing. Accordingly, if she needs the equivalent of $100,000 now, she would also need it 5 years hence.
See also, e.g., Kvittem v. Kvittem, 365 So.2d 791 (Fla. 4th DCA 1978); West v. West, 345 So.2d 756 (Fla. 4th DCA 1977).
We acknowledge the possibility that the able trial judge was misled by our rather broad hint in the prior opinion that a combination of rehabilitative and permanent alimony "may be appropriate." Necessarily implicit in that suggestion, however, was the requirement that any judgment to be fashioned by the chancellor be supported by the evidence; the one entered below is not. *476 Moreover, the requirements that the husband provide for the cost of Mrs. Garrison's home and for new cars are both shortly to end; these amounts may properly be considered to have constituted the "rehabilitative" alimony which could appropriately be terminated in the light of the wife's post-dissolution earnings.
For these reasons, we reverse the alimony provision of the order under review and remand the cause with directions to enter an award of permanent alimony of $800.00 per month.[1] The judgment below is otherwise affirmed.
Affirmed in part, reversed in part and remanded.
DOWNEY, C.J., and ANSTEAD, J., concur.
NOTES
[1] We again emphasize, as we did in the earlier opinion at 351 So.2d 1105, that this award is subject to modification under § 61.14, F.S. (1977) upon a showing of a significant change in circumstances, including, for example, an unexpected increase in Mrs. Garrison's earnings.