393 So.2d 1189 (1981)
Carl A. DeVITO, Appellant,
v.
Patsy Marion DeVITO, Appellee.
No. 79-2191.
District Court of Appeal of Florida, Third District.
February 17, 1981.
*1190 Aronson, Ansel and Cohn, Miami, for appellant.
Erstling and Erstling, South Miami, for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
PER CURIAM.
This appeal and cross-appeal seek review of those portions of a final judgment of dissolution of marriage pertaining to alimony, property settlement, and attorney's fees.
In the final judgment, the trial court awarded the wife permanent periodic alimony of $500.00 biweekly for 30 months beginning August 1, 1979, $400.00 biweekly for the subsequent 30 months, and $325.00 biweekly until remarriage of the wife or death of either of the parties. The judgment ordered a lot owned by the parties and the marital home be sold, with the proceeds divided equally. The trial court also ordered the husband to pay sixty percent of the wife's attorney fees, for a total payment of $5,100.00.
This marriage was of thirty years' duration and, at the time of the dissolution, the wife was 51 years old. She had not been gainfully employed since the early years of the marriage and was not employed at the time of the dissolution of the marriage. The husband is employed as a purchasing manager for Dow Chemical Company, earning a gross salary in excess of $46,000.00. He contends his net income is just over $27,000.00.
On appeal, the husband alleges the award of alimony is excessive and that the trial court erred in ordering him to pay sixty percent of the wife's attorney fees. The wife cross-appealed, alleging the trial court erred in failing to award her the marital home as lump sum alimony, in failing to recognize the wife's special equity in the marital home, and in ordering automatic future reductions of permanent alimony.
It would appear that all points raised by the parties, with the exception of the automatic reduction in alimony, should be affirmed. See: Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). As to the automatic reduction in the award of permanent alimony, it would appear that portion of the award should be reversed, setting the award of permanent alimony at $500.00 biweekly. See: McNaughton v. McNaughton, 332 So.2d 673 (Fla. 3d DCA 1976); Stoler v. Stoler, 376 So.2d 253 (Fla.3d DCA 1979); Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980).
Therefore, we modify so much of the final judgment that reduces her permanent alimony after thirty and sixty months, so that she continue to receive $500.00 biweekly until remarriage of the wife or death of either of the parties.
Affirmed as modified.