409 So.2d 533 (1982)
Carolyn Jean COOLEY, Appellant/Cross-Appellee,
v.
Fleming Blackwell COOLEY, III, Appellee/Cross-Appellant.
No. 80-780.
District Court of Appeal of Florida, Fourth District.
February 17, 1982.
Robert M. Curtis of Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellant/cross-appellee.
John J. Byrne of Price, Byrne & Tribett, Fort Lauderdale and Clayton, Ga., for appellee/cross-appellant.

ON REHEARING
BERANEK, Judge.
This matter has been considered on the husband's petition for rehearing directed to this court's previous opinion filed December 23, 1981. The opinion of December 23, 1981, is hereby withdrawn.
This is an appeal by the wife from a final judgment of dissolution of marriage, along with a cross-appeal by the husband. The parties were married for approximately 22 years. Three children were born of the marriage who were adults at the time of the dissolution. The wife was a dental hygienist and the husband a dentist. The wife assisted the husband by working to further his education and, when not engaged in raising the children, the wife worked intermittently. Her earnings, although minimal, went into a joint account. At the time of the dissolution of marriage, the husband had substantial assets in his own name and a profitable dental professional association producing substantial income. A simple comparison shows the husband was in a far superior financial position to the wife with most of the assets held in his name. The only substantial joint asset was the marital residence.
By virtue of the appeal and cross-appeal, both parties contest most of the financial provisions of the judgment regarding alimony. We conclude that the court erred in certain respects to the prejudice of the wife and reverse.
The trial court awarded the wife the husband's interest in the marital homeplace as lump sum alimony. The house was valued at approximately $70,000 with an outstanding balance on the mortgage of approximately $38,000 leaving an equity of $32,000. Thus, the award to the wife represented some $16,000 in lump sum alimony if and *534 when the house is sold. In addition, the trial court awarded permanent periodic alimony to the wife in the amount of $1,000 per month for the first year but automatically reduced this amount thereafter. In Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980), this court found progressive reductions in alimony to be improper and ordered permanent periodic alimony where it was not shown that the wife would have any greater income in the future. Similarly, in DeVito v. DeVito, 393 So.2d 1189 (Fla. 3d DCA 1981), an automatic reduction of permanent alimony was found to be improper.
The appellant/wife contends that she was short-changed after 22 years of marriage in that the sum of $1,000 a month plus the husband's interest in the home was totally inadequate when viewed in light of her future needs and the husband's obvious ability to pay. At the time of the dissolution, the husband had an interest in various real estate trusts which the trial court valued at a minimum of $150,000. These assets were held in the husband's name alone. They had been bought from a joint account and if money was borrowed to make an investment in the husband's name, the wife's name was also placed on the mortgage, or she was otherwise bound on the debt. The trial court denied the wife's request for any interest in the husband's real estate holdings.
Husband urges that the wife, a dental hygienist, is earning a reasonable income, and that she should support herself. We view the overall award to the wife as being too low. The fact that the wife may, with her own earnings plus alimony, be able to provide basic food, shelter, and necessities, does not mean that this is the maximum she is entitled to receive after 22 years of participation in the partnership of marriage. Her standard of living during the marriage was considerably higher than "the bare necessities" and husband can clearly afford greater payments.
We conclude that the automatically declining alimony constituted a legal error, and same is hereby reversed based upon the above cited authorities. The matter is remanded to the trial court for further proceedings to reconsider the wife's prayer for lump sum alimony and permanent periodic alimony commensurate with her needs and the husband's ability. The points raised by husband on cross-appeal are found to be without merit.
REVERSED and REMANDED.
OWEN, WILLIAM C., Jr. (Retired), and GREEN, OLIVER L., Jr., Associate Judges, concur.