426 So.2d 975 (1982)
In re The Marriage of Eleanor W. ROSE, Appellant/Cross-Appellee,
v.
Walter T. ROSE, Jr., Appellee/Cross-Appellant.
No. 82-297.
District Court of Appeal of Florida, Fifth District.
December 22, 1982.
Rehearing Denied February 11, 1983.
*976 George E. Adams of Adams & Hill, Orlando, for appellant/cross-appellee.
Walter T. Rose, Jr., of Rose & Weller, Cocoa Beach, pro se.
SMITH, McFERRIN, Associate Judge.
This case is an appeal and cross-appeal from a final judgment of the Circuit Court of the 18th Judicial Circuit modifying alimony and child support. For the reasons stated below we affirm in part, reverse in part, and remand for further proceedings.
On September 12, 1977, a final judgment of dissolution was entered dissolving the marriage of the appellant (wife) and appellee (husband). The appellant was awarded custody of the parties' three minor children, $300 per month per child as child support, and $2,550 per month as alimony. Other assets were divided between the parties.
In 1981 the husband moved to modify the final judgment to terminate the award of alimony. The wife counterclaimed, seeking an increase in alimony and the payment of costs and attorney's fees.
In its order dated February 3, 1982 the trial court found a substantial change in circumstances since the entry of the 1977 final judgment of dissolution. The Court ordered a gradual reduction of alimony over a three year period, beginning with an immediate reduction to $1,275 per month. Other reductions were to follow with all alimony terminated after January 15, 1985.
The trial court next increased the award of child support for the one remaining minor child to $600 per month and ordered that this child support would continue until the child reached the age of 21, if the child were enrolled in an institution of higher learning and satisfactorily seeking a college degree.
The Court also ordered the husband to contribute $4,000 toward the wife's attorney's fee.
Upon a careful examination of the record we find sufficient evidence to support the trial court's finding of substantially changed circumstances. As to the award of alimony we cannot determine what the trial court found. We know only that the trial court immediately reduced the payment of alimony to $1,275 per month and terminated all alimony after January 15, 1985.
The record in this case contains a sufficient factual basis for the trial court to reduce alimony to $1,275 per month or to terminate all alimony. However, we can find nothing in the record to justify the gradual reduction which was ordered.
The Courts of this state have generally disapproved this process of gradual reductions in alimony unless specific reasons for the reductions appear in the record. See Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980); DeVito v. DeVito, 393 So.2d 1189 (Fla. 3d DCA 1981); Cooley v. Cooley, 409 So.2d 533 (Fla. 4th DCA 1982).
We agree with the 3rd and 4th Districts on this point and reverse that portion of the order which awards gradually decreasing alimony.
Upon remand, the trial court may exercise its discretion in either terminating alimony or in awarding alimony in an amount of $1,275 or less per month.
Although the trial court's order extending child support past the child's age of majority appears to be without legal authority, *977 appellee did not preserve the point for appeal and we, therefore, must allow that order to stand.
The remaining points argued are without merit and do not require reversal. Appellant's Motion for Attorney's Fees is granted and remanded to the trial court for determination of the amount appellee should contribute toward those fees.
AFFIRMED in part, REVERSED in part and REMANDED.
COBB and SHARP, JJ., concur.