431 So.2d 258 (1983)
William J. RAMSEY, Appellant,
v.
Susan B. RAMSEY, Appellee.
No. 82-1691.
District Court of Appeal of Florida, Second District.
May 11, 1983.
Stephen W. Sessums, P.A., Tampa, and Carole A. Taylor of Sessums & McCall, Tampa, for appellant.
Steven T. Northcutt of Levine, Freedman, Hirsch & Levinson, P.A., Tampa, for appellee.
GRIMES, Judge.
The husband complains that the court applied an improper standard in ordering *259 him to make monthly rehabilitative alimony and child support payments totalling $1,425 because of the following provision contained in the judgment of dissolution:
4. That in setting the amount of alimony and child support, the Court has taken into consideration the fact that it is difficult for a former wife and mother to obtain increases and modifications in amounts of child support and alimony. Accordingly, the Court has established such amounts in this Final Judgment taking into consideration the likely effects of inflation and increased expenses by reason of the increasing age of the child.
Judgments providing for automatic changes in alimony and support payments upon future occurrences have usually been disapproved because of the lack of an evidentiary basis for the determination of future events. Kangas v. Kangas, 420 So.2d 115 (Fla. 2d DCA 1982); Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980); Stoler v. Stoler, 376 So.2d 253 (Fla. 3d DCA 1979). It follows that a dissolution judgment which purports to consider future events as a basis for establishing current alimony and child support must suffer a similar fate. Accordingly, we hereby reverse the awards of rehabilitative alimony and child support and remand for the court to enter appropriately reduced amounts which will not reflect the possibility of inflation and increased child rearing expenses. Otherwise, the judgment is affirmed.
OTT, C.J., and LEHAN, J., concur.