SHARP, Judge.
Audrey Geiger appeals from a final order modifying the original decree in a dissolution proceeding. We affirm the trial court’s final order because the trial court did not abuse its discretion in its award of permanent periodic alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Audrey, an English citizen, and William Geiger, appellee, met in England while William was in the armed services. The parties married in England in 1945, and subsequently moved to the United States. The couple separated in 1963, and their marriage was dissolved in 1966. The final decree of dissolution was entered pursuant to a written agreement by the parties that William would pay alimony in the amount of forty dollars ($40.00) per week and child support for the parties’ two children, ages 13 and 18, in the amount of forty dollars ($40.00) per week.
At the time of the original dissolution proceedings, William worked as a construction supervisor and estimator, and his weekly net income totaled approximately two hundred fifty dollars ($250.00). Although William kept his automobile, he gave the remaining marital assets, which included a bank account worth a few thousand dollars and the household furniture, to Audrey. William remarried in 1967. William and his second wife have worked together during their marriage to accumulate various assets. They have several substantial investments in real estate partnerships that were made possible by his wife’s inheritance and several loans.
Audrey had some work experience, but her only earned income in the recent past has been earned by babysitting on Sunday mornings. She has had problems with varicose veins for a number of years. Except for the increase in the cost of living since 1966, Audrey’s financial circumstances have not changed in any significant way since the dissolution. At the time of the modification proceeding, Audrey had been receiving approximately one hundred seventy-two dollars ($172.00) per month in alimony for one year. Throughout the years, William paid the total annual amount of alimony owed at the beginning of the year. After the youngest child turned 18 years of age, William sent an additional check to Audrey during the middle of the year. These additional checks, however, stopped in 1981.
Audrey filed a petition for modification of the dissolution decree. William filed a counter-complaint. The final order of the trial court denied William’s counter-complaint and granted Audrey’s petition to the extent that William would pay the reasonable and necessary medical expenses Audrey would incur in the treatment of her varicose veins, and the amount of permanent periodic alimony was increased as follows:
A. Beginning Friday, November 26, 1982 for a period of 8 months or until the Former Wife remarries or dies, whichever sooner occurs, the Former Husband shall pay to the Former Wife permanent periodic alimony in the amount of $100.00 per week. The Former Husband has pre-paid his permanent periodic alimony obligation for the year 1982; therefore, these payments shall be only $60.00 per week during 1982. Unless the Former Wife dies or remarries sooner, the last payment pursuant to this subparagraph shall be due on Friday, July 22, 1983.
B. Beginning August 1, 1983 until the Former Wife dies or remarries, the Former Husband shall pay the Former Wife permanent periodic alimony in the amount of $375.00 per month.
We think the amount awarded for permanent periodic alimony is low in this case. However, it is not so low as to constitute an abuse of discretion, and we must therefore affirm it. Canakaris. Although we have previously disapproved awards *737 that reduce alimony awards in the future,[1] here, the reduction can be justified on the ground that Audrey’s health problems should improve once she has had the varicose vein condition remedied. Rose v. Rose, 426 So.2d 975 (Fla. 5th DCA 1982); see also Cooley v. Cooley, 409 So.2d 533 (Fla. 4th DCA 1982); DeVito v. DeVito, 393 So.2d 1189 (Fla. 3d DCA 1981); Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980). Finally, we grant Audrey’s motion for attorney’s fees on appeal, and remand this issue to the trial court to determine the appropriate amount, based on her needs and William’s ability to pay. Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA, 1982). Accordingly, the judgment is
AFFIRMED; and this case is REMANDED.
DAUKSCH and COWART, JJ., concur.

. E.g., Rion v. Rion, 421 So.2d 541 (Fla. 5th DCA 1982); Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980).