BASKIN, Judge.
In Grabow v. Grabow, 419 So.2d 340 (Fla. 3d DCA 1982), this court held that the support provisions of the settlement agreement were modifiable. Upon remand the trial court entered an order stating in part:
12. That, while it is clear that there has been a substantial and meaningful change in the financial circumstances of both parties since the execution of the Agreement and the entry of the Final Judgment, HARRY’S income and ability to pay having increased dramatically and SUSAN’S needs having also greatly increased, the Agreement is silent in respect to a Modification in the event of change of circumstances. Accordingly, it is presumed that the parties contemplated such contingencies when they provided for additional support geared to HARRY’S increased income. Thus, SUSAN’S Motion for Modification must be denied.
The wife appeals; we reverse.
The settlement agreement clearly states:
This agreement may be modified by mutual consent in writing by both the husband and wife or by any proper Court due to a change in circumstances of either party.
By agreement of the parties the court could, upon finding a change of circumstances, modify the agreement. Having found “a substantial and meaningful change in the financial circumstances of both parties,” the trial judge was required to grant modification.
The wife concedes that the trial court’s award of attorney’s fees to the wife was excessive. Upon remand the trial court is directed to reassess the award based upon the criteria contained in section 61.16, Florida Statutes (1981).
Reversed and remanded for further proceedings consistent with this opinion.