PER CURIAM.
From a final judgment of dissolution of marriage the appellant husband has perfected this appeal contending the trial court erred in numerous respects which will be detailed hereafter.
This seventy-nine year old husband and forty-nine year old wife were married for seventeen years and had two children ages fifteen and seven. The husband was the conductor for the Palm Beach Opera for twenty-one years and earned a salary of $20,000 per year. He retired in 1983 and received a monthly pension of $883.33 and social security benefits of $1,021. At trial held June 5, 1985 the husband’s deposition was received in evidence and it showed that for the period from November, 1984 to May, 1985 he made approximately $4,000 per month and in May, 1985 he made $3,500. He testified that he earned from $200 to $300 per month in music and singing lessons, $250 a month from concerts, and $170 to $180 per month from royalties. He further testified that his “associate” (an analogue for what the wife calls his “girl friend”) is paid $175 per week and that he buys her gifts, takes her dining and on various trips with him. The wife testified that the husband earned an average of $6,000 per month and that he is in excellent health. He agreed with the latter statement. In his brief the husband pegs his income at not more than $25,000 to $30,000 per year.
The wife brought to this marriage from the estate of her former deceased husband a total of approximately $112,000 cash. Much of this money was turned over to the appellant-husband for investment purposes. Later when the parties purchased their jointly held marital home (valued at trial at $250,000), the wife furnished the $7,000 cash down payment. The wife was able to corroborate a good deal of the monies she had brought to the marriage and the husband conceded at least $50,000 thereof.
The husband placed the wife’s money which he was investing or managing for her into a joint account with the investment firm of Prudential-Bache. That account contained a balance of approximately $124,-000 as of January 1, 1983. When the wife learned the husband had withdrawn $44,-000 from said account and that he had changed his will leaving monies to his “associate,” the wife withdrew $46,000 therefrom. She loaned $17,000 of that sum to her male tennis partner and invested the remainder in a separate Prudential-Bache account in her name.
The trial court found the assets of the parties to be:
a) Marital home in joint names valued at approximately $250,000.00 which is encumbered by a mortgage of approximately $13,000.00.
b) Prudential-Bache account in joint names (01K-001881-53) in the approximate amount of $37,000.00. It is acknowledged that $5,000.00 was taken from this account and paid to the husband’s lawyer, Jack Ackerman, on account of legal fees and costs.
c) Prudential-Bache account in wife’s name (034-221-46429) in the approximate amount of $28,000.00.
d) Mortgage receivable in favor of the wife in the approximate amount of $17,-000.00.
*1279 e) Annuity with National Investors Life Insurance Company in wife’s name of approximately $15,000.00-$18,000.00.
f) Austrian bank account in joint names valued at approximately $7,000.00-$10,-000.00.
g) Jewelry of wife.
h) Toyota automobile in wife’s name.
The final judgment awarded the wife exclusive possession of the marital home until the eldest child reaches eighteen years of age at which time the home is to be sold and the proceeds divided except the wife will receive credit for one-half of the mortgage payments, taxes and insurance she had paid. She was awarded permanent alimony of $1,000 per month, child support of $1,000 per month and lump sum alimony of $50,000 payable out of the husband’s share of the proceeds from the sale of the marital home. The court also gave the wife a $7,000 special equity in the marital home, and a special equity of $18,500 being the husband’s one-half of the remainder of the original joint Prudential-Bache account. The husband received his one-half interest in the marital home after deducting one-half of the mortgage, taxes and insurance payments made by the wife, the $50,000 lump sum alimony and the $7,000 special equity. Further, the husband received the entire Austrian bank account, the annuity with National Investors Life Insurance Company, and was allowed to retain the $44,000 and $5,000 withdrawn from the Prudential-Bache account which had been in both of their names.
On appeal the husband contends the trial court erred in (1) finding the wife had a special equity in the Prudential-Bache account and in the marital domicile; (2) in allowing the wife to keep the $28,000 Prudential-Bache account in her name and the $17,000 loaned to her tennis partner; (3) in awarding the wife permanent and lump sum alimony and child support; and (4) in limiting any evidence of adultery to the time period prior to the filing of the petition for dissolution.
Viewing the record in a light most favorable to the judgment, we find no error demonstrated except in the allowance of permanent alimony of $1,000 per month.
There is substantial competent evidence in the record to support a finding that the wife brought approximately $112,-000 to the marriage. She testified that she never intended to make a gift of one-half thereof to her husband—he simply placed the account in their joint names. It appears the trial judge viewed this account as really belonging to the wife and thus it appears to us the award of lump sum alimony was justified to replace the money the husband had withdrawn from the account. It also answers the husband’s complaint about the $46,000 she withdrew which the trial court allowed her to keep.
The husband charged the wife with adultery but the court restricted any evidence of such misconduct to a time pre-dat-ing this suit. We find no error involved in that ruling as there does not appear to be any relevancy in the excluded evidence bearing upon the breakup of the marriage or the financial relationships and obligations between the parties. Smith v. Smith, 378 So.2d 11 (Fla. 3d DCA 1979).
Although we find no fault with the other provisions of the final judgment, we are concerned that the husband’s present income is inadequate to meet both the support and permanent alimony obligations. Accordingly, we reverse the award of $1,000 per month permanent alimony and remand the cause to the trial court to reconsider whether the permanent alimony award should be rehabilitative or permanent but, regardless of which is awarded, the amount should be substantially less than the present award.
HERSEY, C.J., and DOWNEY and LETTS, JJ., concur.