PER CURIAM.
We reverse an order modifying the Appellant’s support obligations and remand for further reductions. It was an abuse of discretion to grant insufficient relief to the former husband based on a substantial change in his circumstances, where the former husband patently has no present ability to pay even the modified support amount.
The initial final judgment, pursuant to the parties’ agreement, ordered Appellant to pay $1,000 per month child support for each of two children plus $500 a month alimony. It further provided that as each child reached majority, the alimony would increase by $1,000, the amount which would no longer be paid for child support. (In 1994, it would be reduced by $500, and in 1996 when it would be reduced by another $500).
The Appellant is also obligated to pay college expenses, $250 per month for each child while in college, and health and life insurance. His total obligation is approximately $40,000 per year.
At the time of the modification, both children were in college. One was an adult and the other would reach majority within a few months. The modification was limited to reducing the Appellant’s child support obligation, as to the minor child, by $750 per month. It is not clear whether this reduction would continue as an alimony reduction after that child reached majority.
The trial court recognized that Appellant had enjoyed some financial success immediately prior to the 1989 dissolution which the parties had anticipated would continue. However, in the two years prior to the judgment, his income as a mortgage broker fell substantially with the worsening economy and real estate market. His income was reduced from over $80,000 per year to an average of approximately $13,000 per year.
Since the divorce, the Appellee has secured employment and earns $350 a week as bookkeeper. She is also going to school to become a teacher of English for speakers of other languages.
The trial court accepted the fact that the change in circumstances was both involuntary and substantial. The record is undisputed that there is no way the Appellant can meet his obligations, albeit reduced by $750 a month, and support himself. The extent to which the present economic circumstances may continue is speculative, but it will certainly be quite some time before Appellant’s average income returns to its previous levels.
We must reverse, as the obligations of the husband are plainly beyond his ability to pay. Cf. Casella v. Casella, 569 So.2d 848 (Fla. 4th DCA 1990); Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990); Simpson v. Simpson, 579 So.2d 374 (Fla. 4th DCA 1991); Csonka v. Csonka, 502 So.2d 1277, 1279 (Fla. 4th DCA 1987); Suarez v. Suarez, 514 So.2d 428, 429 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 881 (Fla.1988). There is no indication here of undisclosed or imputed income, of a voluntary reduction, or of willful misconduct. There is no finding or evidence of a present ability to earn more, nor is there any suggestion by the court that Appellant should change his occupation. Having found that the change in circumstances occurred, the trial court was required to modify the judgment. E.g., Grabow v. Grabow, 442 So.2d 262, 263 (Fla. 3d DCA 1983). The extent of such a modification should be based on the criteria found in section 61.16, Florida Statutes. E.g. Mirsky v. Mirsky, 474 So.2d 9, 10 (Fla. 5th DCA 1985).
The only basis the trial court gave for failing to modify Appellant’s obligation further was that the permanency of the Appellant’s changed circumstances is “debatable,” presumably because the court anticipated an improvement in his economic circumstances in the future. However, having found a substantial changed condition *558 of over two year’s duration, the amount of Appellant’s present obligation should not be based on speculation or conjecture regarding an uncertain future. See generally, Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980); Kernan v. Kernan, 495 So.2d 275 (Fla. 5th DCA 1986); Ramsey v. Ramsey, 431 So.2d 258, 259 (Fla. 2d DCA 1983).
The cause is remanded for further proceedings to determine reasonable support and alimony.
GLICKSTEIN, C.J., and DELL and STONE, JJ., concur.