HALL, Judge.
Richard Aarts challenges by cross-appeal the order modifying his support obligations.[1] We only find merit in one of the issues he raises, and we affirm in part and reverse in part.
Subsequent to entry of the final judgment of dissolution, the parties entered into a stipulation agreement whereby Richard agreed to pay $800 a month as child support and $400 a month as rehabilitative alimony for a period of five years. The agreement also required that he pay in two installments the $3000 for which he was in arrears.
Richard subsequently became unemployed and filed a petition for modification of child support. The trial court denied that petition upon a finding that Richard failed to demonstrate a permanent change in circumstances because he was seeking other employment.
Richard later filed a second petition for modification of child support. At the hearing on that petition, he testified that he lost his employment in November 1991, he was temporarily employed from February 1992 to February 1993, and he was presently employed by ReMax International, Inc. in the Philippines earning $1000 a month, plus commissions. ReMax also provides him with a car and pays all expenses related thereto. Richard further testified that he would not be paid his commissions for four months and he did not know what they would be, but he would be agreeable to an adjustment in the amount of his support obligation based on them.
The trial court entered an order directing that Richard’s support obligation be partially abated to $300 a month for a period of eighteen months. The order further directed that during that period, the unpaid portion of the support obligation set in the settlement agreement would continue to accrue, and Richard would be responsible for the arrear-age at the legal rate of interest at the end of the period.
Richard contends that the trial court abused its discretion by merely abating his *58 support obligation for eighteen months because he presented evidence of a substantial and permanent change in his circumstances. He maintains that the trial court necessarily-engaged in improper speculation and conjecture regarding his future earnings by requiring the unpaid balance of the original support obligation to accumulate as arrearage during the eighteen-month period. Levin v. Levin, 613 So.2d 556 (Fla. 4th DCA 1998). We agree.
In Levin, the trial court declined to modify the appellant’s support obligations because it found the permanency of his changed circumstances debatable. The Fourth District took this to mean that the trial court anticipated an improvement in the appellant’s economic circumstances in the future. It held that “the amount of Appellant’s present obligation should not be based on speculation or conjecture regarding an uncertain future. See generally, Garrison v. Garrison, 380 So.2d 473 (Fla. 4th DCA 1980); Kernan v. Kernan, 495 So.2d 275 (Fla. 5th DCA 1986); Ramsey v. Ramsey, 431 So.2d 258, 259 (Fla. 2d DCA 1983).” Id., 613 So.2d at 558.
In Ramsey, this court held that judgments of dissolution which incorporate a consideration of future events in setting support amounts are usually improper because of the lack of an evidentiary basis for determining those future events. 431 So.2d at 259.
Deborah appears to argue that such an evidentiary basis exists in this case in that the commissions Richard earned while temporarily employed can be used to estimate the commissions he will receive through his employment with ReMax. We reject this argument as improperly speculative because, among other things, the jobs are in different countries and are with different employers. Furthermore, it does not take into consideration that Deborah’s own circumstances might be substantially changed in eighteen months.
Accordingly, we affirm the order appealed insofar as it modifies Richard’s support obligation to $300 a month for eighteen months, but we strike that part of the order requiring the unpaid portion of his original obligation to accumulate as arrearage. At that point in time, either party may, of course, file a petition for modification if their circumstances so warrant.
CAMPBELL, A.C.J., and THREADGILL, J., concur.

. This court previously disposed of Deborah’s direct appeal upon an expedited basis. Aarts v. Aarts, 627 So.2d 1173 (Fla. 2d DCA 1993).