## LOUISE HURST v. JAMES E. HURST

27 So. (2nd) 749            June Term, 1946
October 18, 1946                En Banc
Rehearing denied November 19, 1946

*Evan Evans,* for petitioner.

*Edwin C. Coffee, O. R. T. Bowden,* for respondent.

THOMAS, J.:

The present controversy is the outgrowth of a divorce action between petitioner and respondent in which the former prevailed. No phase of the main contest is involved here, but only the subsequent order entered by the chancellor altering

the provisions of the final decree fixing the custody of the three-year-old child of the parties. To give the background of this order we need, therefore, refer only to so much of the final decree and a stipulation recognized in it as dealt with the custody of the child.

The parents agreed that custody of the child should be awarded the mother and that right of visitation at all convenient and reasonable times should be reserved to the father. By subsequent proceedings there were presented to the court the issue of the fitness of the mother to continue as custodian of the infant and the prayer of the father that custody be given him. After considerable testimony had been taken before the master, he recommended and the chancellor decided that each of these persons should have custody of the child for alternate periods of six months.

It is patent that both master and chancellor entertained the view that each party was capable of caring for the child; so the question may be further narrowed to the one whether the welfare of the child will be promoted if he is placed with first one parent and then the other, his home life interrupted every half-year. It is thoroughly established that in such circumstances the primary concern of the court is the well-being of the child, and we have grave doubt that an infant three years old can develop normally and thrive if at the end of every six months he is removed from surroundings familiar to him and forced to become accustomed to new ones. The predicament of the child would probably be further complicated by the fact that both parents have remarried.

We said in Fields v. Fields, 143 Fla. 886, 197 So. 530, that we were inclined to agree with the Supreme Court of Alabama that " 'other things being equal, . . . the mother of infants of tender years [is] best fitted to bestow the motherly affection, care, companionship, and early training suited to their needs.' " We now state positively that such is our view.

We are not disposed to disturb the evident findings of the chancellor, based upon his master's recommendation, that both parties are morally and physically qualified to care for their offspring. Using this as a predicate we conclude that, there being no choice between them, the mother is best fitted

by nature to exercise permanent custody and that the welfare of the child will be better safeguarded by invoking the provisions of the final decree by granting custody to her and privilege to the father of visiting his son at all times that are convenient and reasonable.

The petition for certiorari is granted and the order quashed.

CHAPMAN, C. J., TERRELL, ADAMS and SEBRING, JJ., concur.

BROWN and BUFORD, JJ., dissent.

BUFORD, J., dissenting:

I cannot concur in the opinion and judgment prepared by Mr. Justice THOMAS because I feel that to adopt this conclusion this Court will be merely substituting its discretion in lieu of that of the Chancellor. This I am unwilling to do.

BROWN, J., concurs.