[Civ. No. 16766.  First Dist., Div. Two.  Mar. 6, 1956.]

WINIFRED B. MORGAN, Respondent, v. DANIEL R. MORGAN, Appellant.

Millington & Dell'Ergo for Appellant.

Roy W. Seagraves for Respondent.

DEVINE, J. pro tem.*—This is an appeal from that portion of an interlocutory judgment of divorce which awards custody of a 5-year-old daughter to the mother, the plaintiff.

Many witnesses appeared, all of them no doubt concerned with the welfare of the child, most of the witnesses testifying on behalf of the father. ■ There were admitted in evidence by stipulation two reports of probation officers, one dated December 18, 1953, and one dated April 14, 1954. Each of these reports contained the recommendation that the child be placed with the mother.

Appellant protests that these reports were not competent evidence, and cites the cases of *Moon* v. *Moon,* 62 Cal.App.2d 185 [144 P.2d 596], and *Fewel* v. *Fewel,* 23 Cal.2d 431 [144 P.2d 592]. The stipulation that the reports be received into evidence was an act within the power of counsel to make (Code Civ. Proc., § 283, subd. 1), and its effect was to establish the competency as evidence of the probation reports.

It would serve no purpose to perpetuate in this opinion a detailed account of asserted delinquencies of the mother in respect of caring for the child. The trial took place in September, 1954, and the findings of fact and conclusions of law and judgment were signed in November, 1954. ■ The question of fitness of the mother to have the child's custody relates to the time of the hearing. (*Stewart* v. *Stewart,* 130 Cal.App.2d 186, 194 [278 P.2d 441].) Evidence of any prior dereliction is admissible if it has a direct bearing on the issue of present unfitness, but such evidence should be limited to this issue alone. (*Wilkinson* v. *Wilkinson,* 105 Cal.App.2d 392, 399 [233 P.2d 639].) The court in the instant case admitted evidence of past events very liberally, and came to its conclusion after mature deliberation.

■ The discretion of the trial court in determining who should have custody is very broad (*Prouty* v. *Prouty,* 16 Cal. 2d 190 [105 P.2d 295]), and a clear case of abuse of discretion would have to be made out to call forth interference with the trial court's decision.

■ The court heard the evidence relating to uncleanliness, enuresis of the child and similar matters during the time the

*Assigned by Chairman of Judicial Council.
■

mother has had custody, and, on the other hand, evidence that the mother, while admitting some negligence, is endeavoring to correct her deficiencies. Likewise, the court had before it the conclusion of a probation officer (probably fortified by its own observations) that appellant and his relatives have become overpossessive in their attitude toward the child and that appellant has a tendency to exaggerate and to dramatize. Also the court had to consider the predilection of the law for granting custody of a child of tender years to the mother (Civ. Code, § 138, subd. 2), the proposition that in the case of daughters the care of the mother is especially to be desired (*Washburn* v. *Washburn,* 49 Cal.App.2d 581, 588 [122 P.2d 96]), and the unsalutary and unsettling effect of changing possession of the child.

The court acted well within its discretion.

The judgment is affirmed.

Dooling, Acting P. J., and Kaufman, J., concurred.