146 So.2d 397 (1962)
Hanna Iris RUDOLPH, Appellant,
v.
Nelson Clark RUDOLPH, Appellee.
No. 62-143.
District Court of Appeal of Florida. Third District.
November 13, 1962.
*398 Melvin J. Richard, Miami Beach, for appellant.
Long & Barone, Hallandale, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
PEARSON, TILLMAN, Chief Judge.
This is an appeal by the wife who was the plaintiff in the trial court from a final decree of divorce which awarded the divorce to the defendant-counterclaimant husband. Also in controversy are an amendment to the final decree and an order on costs.
The plaintiff-wife and defendant-husband were married in 1958. There was one child born to the marriage  a boy, who was two years old at the time of the final decree.
The parties owned a residence as an estate by the entireties for which the monthly mortgage payments are $84.26. The amended final decree provided that from then on the parties owned the residence as tenants in common. By informal agreement it appears that the wife and child are still living in this home, but no provision for such occupancy was made in the decree nor has any provision been made for the payment of the monthly mortgage payments.
It is apparent from a reading of this record that the parties lived on a scale somewhat *399 above that which the husband's earnings as a medical technician would provide. The husband worked for his father at a salary of a hundred dollars a week. Prior to the divorce the husband, at the wife's insistence, left his father's employ. He was, however, unable to earn a sufficient income to meet the family's expenses and thereafter returned to his father's employ in his old capacity and at his previous salary. Four months prior to the initiation of the present suit (when it can be assumed the domestic troubles had reached a stage where divorce was a distinct possibility), the salary of the appellee-husband was reduced to $75.00 a week.
The wife's first point on appeal urges that the chancellor erred in granting the divorce to her husband. It is her contention that the record does not contain sufficient evidence to establish grounds for divorce in the husband and that conversely she established grounds for divorce. We have reviewed the record and are convinced that there is sufficient evidence to sustain the findings of the chancellor. Under these conditions an appellate court will not substitute its judgment for that of the chancellor. Town of Medley v. Seminole Rock Products, Inc., Fla.App. 1962, 138 So.2d 534.
Since the separation of parties, the husband has lived for the most part with his parents where he is not required to contribute to that family's expenses. Nothing prejudicial to the wife is suggested in this arrangement. The husband's father is a prominent physician well-able to help his son, and it is apparent that he is doing so, both by providing employment and by making it possible for him to maintain himself without great expense. The result appears to be that the husband, although receiving only $75.00 a week in salary, is receiving benefits which amount to much more. Under these conditions, the total provision for his ex-wife and child of only $25.00 a week[1] is inadequate in view of the fact that the appellee is not presently required to make the mortgage payments on the home. Cf., Klein v. Klein, Fla.App. 1960, 122 So.2d 205.
The final decree provides for a split-custody arrangement for the minor child of the parties. The applicable portion of the decree provides:
"That custody of the minor child, PAUL ALLAN RUDOLPH, is hereby awarded to the Counter-defendant-plaintiff, Wife, HANNA IRIS RUDOLPH, reserving unto the Husband reasonable rights of visitation and specifically meaning thereby that the Husband shall have custody and control of said minor child from 6:00 o'clock P.M. on each Friday until 7:00 o'clock P.M. the following Sunday of each weekend, commencing Friday, January 5, 1962."
There is no doubt but that the chancellor was attempting by this arrangement to be fair to each of the parties. In custody matters, however, it is not the rights of the parties which are of paramount importance, but the best interests of the minor. Hurst v. Hurst, 158 Fla. 43, 27 So.2d 749. Divided custody which involves periodic removal from familiar surroundings is not desirable nor conducive to a child's welfare. Hurst v. Hurst, supra; McCann v. McCann, 167 Md. 167, 173 A. 7 (1934); McLemore v. McLemore, 346 S.W.2d 722 (Ky. 1961); Bronner v. Bronner, 278 S.W.2d 530 (7th Dist.Ct.Civ.App.Tex. 1954); Morgan v. Morgan, 139 Cal. App.2d 704, 294 P.2d 45 (1st Dist.Ct.App. 1956). See Lee v. Lee, Fla. 1950, 43 So.2d 904. Since there is nothing in the record to demonstrate that the wife is not a proper person to have the custody of the young child of the parties, the decree should award full custody to *400 her with reasonable rights of visitation in the father. Hurst v. Hurst, supra.
The first decree provided that each party should bear one-half of the costs, although the husband was directed to pay the wife's attorney's fees. Thereafter, the cost provision was amended to provide that the husband should pay all of the costs except $126.50 which the wife was directed to pay. The husband is gainfully employed and the wife is not. She is to be burdened with the care of a young child. Under such circumstances it is proper to provide that the husband pay the court costs. The fact that the equities in the cause were with the husband does not alter this situation. Stern v. Stern, Fla. 1951, 50 So.2d 119. Therefore, we think that the decree should have directed the husband to pay the entire cost of the proceeding.
In accordance with the views herein set forth, the decree as amended is affirmed in part and reversed in part. The provision granting a decree of divorce to the defendant-husband upon his counterclaim is affirmed. The provision for divided custody of the child is reversed as to that portion granting custody to the father for two days and two nights of each week, with directions to the chancellor to enter an amended decree providing for full custody in the mother and for such rights of visitation in the father as the chancellor shall find reasonable. That portion of the final decree providing for a cash payment of $15.00 a week for support of the child and $10.00 a week alimony for the wife is affirmed. The amended decree shall provide that the husband pay all mortgage payments from the date of the amended decree, together with interest, taxes and insurance. One-half of each of such payments shall be considered as child support, and the remaining one-half shall be considered as the husband's payment upon his own interest in the property. The amended decree shall provide for the right of the mother and the son to live in the former residence of the parties so long as the wife shall maintain it as a home for herself and the child. Each party shall be restrained from transferring his or her interest in the property until such time as the chancellor may find that conditions have so changed that such a transfer is in the best interests of all concerned. The decree shall direct that the appellee-husband pay all costs, including a refund to the wife of $126.50 advanced by her. In each particular not herein mentioned the decree is affirmed.
Affirmed in part, reversed in part and remanded.
NOTES
[1] The final decree as first written directed the payment of $25.00 per week as child support and made no provision for alimony. On rehearing this provision was amended to provide for $15.00 per week child support and $10.00 per week alimony.