220 So.2d 440 (1969)
Pamela R. LINDGREN, Appellant,
v.
Eric P. LINDGREN, Appellee.
No. 68-343.
District Court of Appeal of Florida. Second District.
March 19, 1969.
Elwood Hogan and George W. Greer, of Wolfe, Bonner & Hogan, Clearwater, for appellant.
Harry W. Fogle of Fogle, Wilson & Shingler, St. Petersburg, for appellee.
MANN, Judge.
The order appealed from might be wrong, but it is not erroneous. This may baffle the layman, so we explain: appellate judges will not substitute their judgment for that of the trial judge if the record supports the judgment.
A custody order providing that the father shall have custody of the young twin daughters four days one week and three days the next, alternating with the mother, strikes us as unusual, but it is amply supported by the record and it is apparent that the trial judge had uppermost in his mind the welfare of the children. This is as it should be.
When Pamela Lindgren filed her suit for divorce her husband took the girls without her knowledge. She filed a petition, and their temporary custody was placed in her. Later she began a liaison with a married man who rented a house for her, paid a portion of the rent and spent considerable time there. Eric Lindgren sought and got temporary custody as a result. Five weeks before the final hearing Pamela broke off the extra-marital relationship and moved to her parents' home. For all that appears in the record, at the time of the final hearing she was living under morally satisfactory circumstances *441 but, as Judge Driver said, "one robin does not make a Spring." This case is thus differentiated from Julian v. Julian, Fla.App. 1966, 188 So.2d 896. See Wilkerson v. Wilkerson, Fla.App. 1965, 179 So.2d 592.
Both of the parties and their mothers are anxious to have the responsibility of caring for these children, and it is possible that these three-year old twins must for a while have their lives disrupted and their affections torn. But the trial judge is well aware that the mother has prior claim to custody, other things being equal. The trouble is, Pamela Lindgren hasn't shown yet that other things are equal on a stable and continuing basis.
Affirmed.
HOBSON, Acting C.J., and PIERCE, J., concur.