240 So.2d 870 (1970)
Ellen T. WONSETLER, Appellant,
v.
Robert A. WONSETLER, Appellee.
No. 70-107.
District Court of Appeal of Florida, Second District.
October 30, 1970.
Rehearing Denied December 2, 1970.
*871 Casler, Douglas, Baxter & Thompson, Clearwater, for appellant.
John J. Duffy, Clearwater, for appellee.
LILES, Judge.
This appeal is taken from an order of the Circuit Court of Pinellas County which awarded custody of a minor child to the father for six months each year and to the mother for six months each year.
In August of 1968, the wife, Ellen Wonsetler, left her husband, Robert A. Wonsetler, and went to her parents' home in Wisconsin. She took with her the infant son of the marriage, Robert Jefferson Wonsetler. A year later the plaintiff husband was granted a divorce in Pinellas County. Child custody was not settled at that time because the child was out of the court's jurisdiction. In December of 1969, the husband went to Wisconsin and took the child from the babysitter's home without the mother's knowledge. The child was then brought back to Florida by Robert A. Wonsetler's mother. Ellen Wonsetler followed in pursuit of her child. She petitioned the circuit court for custody of the child, and a hearing was held on this issue. The court issued the order for divided custody and this appeal followed.
The Chancellor in the circuit court correctly stated the prevailing judicial philosophy in the State of Florida. He said that split custody of children of tender years is frowned upon, and that generally a child during its infancy should be left in the care of the mother. Judge Pierce, writing in Julian v. Julian, Fla.App. 1966, 188 So.2d 896, made a similar comment when he said, "any attempt to divide permanent custody of minor children is emphatically frowned upon by the Court." Julian at 897. See also Rudolph v. Rudolph, Fla.App. 1962, 146 So.2d 397. Florida courts have also held that where there is nothing in the record to show that the wife is not a fit mother, she should be granted custody. Hutchins v. Hutchins, Fla.App. 1969, 220 So.2d 438; Rudolph, supra.
Split custody can be condoned if there are special circumstances or legally unequal facts present to support such an arrangement. Lindgren v. Lindgren, Fla. App. 1969, 220 So.2d 440.
Hurst v. Hurst, Fla. 1946, 158 Fla. 43, 27 So.2d 749, was a case similar to the case in consideration here. In Hurst, the Chancellor had found both parents to be fit custodians, but had divided the custody of the child for six month periods between the father and the mother. The Florida Supreme Court said that where there was no choice between the parents as to fitness, the mother should be granted custody with reasonable visitation rights for the father.
We find the case here to be factually similar to the Hurst case. The trial court specifically found that both Ellen and Robert Wonsetler were fit and suitable parents. On the basis of this finding alone custody should then have been awarded to the mother. However, the trial court awarded divided custody. We look then to see if the special circumstances or legally unequal facts necessary to support split custody actually exist. We find that the special circumstances alleged by appellee Robert Wonsetler are not sufficient to support an award of divided custody of the child, Robert Jefferson Wonsetler. These are circumstances such as might be *872 found in any situation where a husband and wife become divorced. It is not realistic to expect that after the parents are no longer living together the child will still be able to enjoy their company without some inconvenience to someone. Under the above cited Florida cases, an infant child should be left with his mother; if the mother has been shown to be fit and if other circumstances are equal.
Accordingly, the order appealed is reversed and the cause remanded to the circuit court with directions to grant custody of the child to Ellen Wonsetler, his mother, with reasonable visitation rights to the father.
Reversed and remanded.
HOBSON, C.J., and McNULTY, J., concur.