306 So.2d 540 (1975)
Walter Elwood UNGER, Appellant,
v.
Ann UNGER, Appellee.
No. 74-783.
District Court of Appeal of Florida, Third District.
January 14, 1975.
Ira Pozen, Miami, for appellant.
Sol Alexander, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.
PEARSON, Judge.
This appeal is from an order changing custody of a minor child from the father to the mother. The father is the appellant. The child is a boy now four years old. The parties were married in 1969 and the marriage was dissolved in 1972. The appellant has had custody of the child since February 9, 1973.[1]
The trial court has a wide discretion in child custody determinations, so that an appellate court will not disturb such findings unless error is clearly made to appear. Mehaffey v. Mehaffey, 143 Fla. 157, 196 So. 416 (1940). This rule is based upon the fact that ordinarily testimony *541 upon the issue is taken before the trial judge. In all child custody decisions, the welfare of the child is the overriding consideration. Pacheco v. Pacheco, Fla. 1971, 246 So.2d 778.
The history of this case indicates that the custody decision was based upon successive reports by social service agencies. Upon the dissolution of the marriage, the court retained jurisdiction of the parties and the subject matter in order to refer the matter of the custody of the minor child to the Division of Family Services of the State of Florida. The Division of Family Services was ordered to conduct an investigation and prepare a report for the court.
Pursuant to said final judgment, the Division of Family Services conducted an investigation, and a report was submitted to the court. The report contained the following recommendation:
"Since both parties to this action have now agreed that the child, Christopher, should remain with his father, Walter Unger, for the present time, there is no question as to our recommendations at this time. Walter Unger appears able and willing to provide a home for his son, and adequate babysitting arrangements have been made while he is at work. Evelyn Ann Unger Mohler feels that her present marriage is in danger of breaking up and that the atmosphere of the home under the influence of her new husband is unhealthy for her child. Under these circumstances she willingly turned over custody of her child to Walter Unger for the time being."
A hearing was held and an order was entered granting temporary custody to the appellant father. The order went further to state that after the child had lived with the father for six months the Division of Family Services should conduct a reinvestigation and again report back to the court and also that upon motion of either party, the court would hold an additional custody hearing. Christopher and his father moved from Florida to Virginia and then some ten months after the court's order, the appellee filed a motion for termination of temporary custody. A hearing was held and on the 2nd day of February, 1974, an order was entered. The court ordered the father and the Division of Family Services to appear for a final hearing. The Division of Family Services was ordered to conduct a reinvestigation into the matter of custody and again to report to the court. Due to the appellant's Virginia residency, an investigation was conducted by the Department of Public Welfare of Frederick County, Virginia.
A hearing was held and an order was entered which provided:
* * * * * *
"1. That the Court reserves ruling upon the Motion of the Petitioner, ANN UNGER MOEHLER, for Termination of Temporary Custody and Establishment of Permanent Custody.
"2. That the Respondent, WALTER ELWOOD UNGER, is ordered to deliver the minor child of the parties, CHRISTOPHER HARRISON UNGER, to the petitioner, ANN UNGER MOEHLER, on or before May 29, 1974. That said minor child of the parties, CHRISTOPHER HARRISON UNGER, shall live with the Petitioner, ANN UNGER MOEHLER, for a period of three months.
"3. The Division of Family Services is hereby ordered to conduct an appropriate investigation concerning the best interests and welfare of the child, CHRISTOPHER HARRISON UNGER, and report back to this Honorable Court on or before September 6, 1974."
This interlocutory appeal has followed. Certainly the best interests of the child are not served by a succession of temporary custody orders. In effect such a procedure of divided custody is one that has been held to be undesirable for the child. Hurst v. Hurst, 158 Fla. 43, 27 So.2d 749 *542 (1946); Rudolph v. Rudolph, Fla. App. 1962, 146 So.2d 397.
We conclude from a review of the reports of the agencies involved that there is no conflict concerning the fact that the child is doing well with the father. There continues to be doubt in the trial judge's mind and the doubt appears reasonable to us as to the future welfare of the child if he is placed in the home of his remarried mother.
The order appealed is reversed and the cause remanded with directions to hold such further hearings as may be necessary to determine the issue of custody without further reports.
Reversed and remanded.
NOTES
[1] The appellee has not filed a brief.