307 So.2d 498 (1975)
In re the Marriage of Joseph PETERSEIL, Appellant,
v.
Carol M. PETERSEIL, Appellee.
No. 74-646.
District Court of Appeal of Florida, Third District.
February 4, 1975.
Sinclair, Louis & Siegel, Miami, Richard H.W. Maloy & Associates, Coral Gables, for appellant.
Jepeway, Gassen & Jepeway, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by the husband from a final judgment of dissolution of marriage. We affirm.
Three points have been raised by the appellant which in effect urge this court to substitute its judgment for that of the experienced trial judge.
The first two points we have considered together since they are interrelated. The husband argues that error was committed in awarding to the wife full custody of the two young children and also in giving the wife full authority to choose which schools the children should attend.
The husband is an educator. He is the headmaster of a private school in Miami Shores, the Heritage School. At trial, the husband expressed a strong desire to the trial court to have his children attend the school during the summer months.
*499 It was the wife's desire, however, that the children, Dawn, age 6, and Todd, age 4, remain with her during the summer months in their neighborhood in Miami Lakes. The mother testified and a neighbor testified that the neighborhood is like a summer camp, providing ample facilities for children during the summer months.
Even were we to express a different opinion from that of the trial court, we think that based on the record in this case it cannot be shown that the court abused his discretion by awarding full custody to the wife and permitting her to determine which schools the children will attend.
The paramount concern in child custody matters is the best interests of the children. Keller v. Keller, Fla.App. 1974, 302 So.2d 795; Mueller v. Mueller, Fla. App. 1975, 307 So.2d 195. The trial court is vested with broad discretion in making such determinations. Unger v. Unger, Fla. App. 1975, 306 So.2d 540.
The appellant cites three cases in which divided custody decrees have been sanctioned by appellate courts in this state. But, unquestionably split custody decrees, particularly for children of tender years, are not encouraged. Unger v. Unger, supra; Wonsetler v. Wonsetler, Fla.App. 1970, 240 So.2d 870; Rudolph v. Rudolph, Fla.App. 1962, 146 So.2d 397.[1]
The primary reason which the husband suggests for dividing custody in the cause sub judice is the fact that he is trained as an educator, and his wife is not. However, the record demonstrates that there are other facts and circumstances in this case from which the trial judge quite properly could conclude that sole custody should be given to the mother with reasonable visitation reserved to the father.
With respect to the children's schooling, the evidence also supports the trial court's determination. The record shows that the children were attending a good school in the Miami Lakes neighborhood, and that the association with friends in their peer group was conducive to their well-being.
The appellant's third point on appeal challenges the amount awarded by the trial court as child support and rehabilitative alimony. The husband asserts that he does not have the ability to pay the sum awarded by the court.
Appellant's contention is not a wholly unusual point on appeal. Yet, we are persuaded from our review of the testimony as well as the appellant's affidavit that the trial court did not abuse his discretion in awarding the sum which he did.
Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] See also, Anderson v. Anderson, Fla. 1975, 309 So.2d 1, in which our Supreme Court affirmed this court's earlier opinion, indicating that where all else is equal, children of tender years usually should be placed in the custody of the mother, although there is no conclusive presumption that the mother must receive custody.