401 So.2d 879 (1981)
Debra Sue SCOTT, Appellant,
v.
Angus M. SCOTT, Jr., Appellee.
No. 80-1095.
District Court of Appeal of Florida, Third District.
July 21, 1981.
Jeffrey A. Schwarz, North Miami, for appellant.
Genet & Milner and Sandor Genet, North Miami Beach, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
*880 DANIEL S. PEARSON, Judge.
The final judgment of dissolution of marriage gave to the appellee-father custody of the parties' three-year-old child during the months of March, June, September and December, and gave the appellant-mother custody of the child during the remaining months.[1] There is not the slightest circumstance shown in the record which would tend to show that this rotating custody provision would be in the best interests of the child, and, indeed, the only justification advanced on behalf of this peripatetic arrangement is that both parents were found to be, euphemistically, less than ideal. That finding may justify some other suitable custody order, but it hardly justifies plaguing the child with both their houses. There being no circumstance which would ameliorate the undesirable effects of the rotating custody arrangement, and every circumstance which would exacerbate such undesirable effects, the custody provision of the final judgment is reversed, see Bienvenu v. Bienvenu, 380 So.2d 1164 (Fla.3d DCA 1980), and cases cited therein, and the cause remanded to the trial court for a determination of custody in accordance with the present best interests of the child.[2]
We also reverse the ruling of the trial court precluding the appellant-wife from seeking alimony or attorneys' fees on the ground that she had not sought this relief in an appropriate pleading before the court. It is apparent that the wife's answer to the second amended complaint requested this precise relief and that an earlier written stipulation between the parties reserved to her the right to seek this relief. There is absolutely no showing that Mr. Scott was prejudiced by the lateness of the answer, and, indeed, the financial circumstances of the parties were in issue before the court in the context of child support.
Reversed and remanded for further proceedings in accordance with this opinion.
NOTES
[1] The judgment, perhaps to avoid the impact of the rule disfavoring split-custody provisions, see Bienvenu v. Bienvenu, infra, calls for the four separate months to be spent with the father "visitation." We call it custody, and counsel for the father concedes it is.
[2] During the progress of this appeal, we permitted the matter of custody to be revisited by the trial court in light of circumstances arising after the final judgment was entered. We are apprised by the parties that while matters bearing on this issue have been presented to the trial court, that court has withheld ruling, and the custody provision of the final judgment is still in effect.