433 So.2d 60 (1983)
Marshall FREY, Appellant,
v.
Cynthia WAGNER, Appellee.
No. 82-2470.
District Court of Appeal of Florida, Third District.
June 21, 1983.
Abramson & Butter and Stephen H. Butter, Miami, for appellant.
Du Fresne & Bradley and William Du Fresne, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
*61 PER CURIAM.
Despite the existence of overwhelming evidence that alternating the physical residence of the three minor children of the parties between the mother and father was,[1] and would be, detrimental to the emotional and psychological well-being of the children and created confusion in the children and a lack of stability and consistency in their lives, the trial court, in an obvious effort to be fair to the parents and with the apparent view that the recent amendment to Section 61.13, Florida Statutes (1982) (commonly known as the "Shared Parental Responsibility Act"), required not only shared parental responsibility, but also divided residence, ordered, inter alia:
"2. PRIMARY RESIDENTIAL PARENT: The parties shall be joint primary, physical residential parents of the three children with the following residential schedule.
"A. August 1982 the children shall reside with the father.
"B. September 1982 the children shall reside with the mother.
"C. October 1982, November 1982, and December 1982, the children shall reside with the father.
"D. January 1982 [sic], February 1982 [sic], and March 1983, the children shall reside with the mother.
"E. April 1983, May 1983, June 1983, July 1983, August 1983, and September 1983, the children shall reside with the father.
"F. October 1983, November 1983, December 1983, January 1984, February 1984, and March 1984, the children shall reside with the mother.
"G. And thereafter the mother and the father shall continue the aforementioned six month residential program as indicated above in paragraph 2E and 2F.
... .
"4. VISITATION: While the children are with the other party as the residential parent, the non-residential parent shall have visitation rights as follows:
"A. One sleep overnight per week which shall be on Wednesday of each and every week. The non-residential parent shall pick up the children at school on Wednesday and the children shall stay overnight at the non-residential parent's house. The non-residential parent shall deliver the children to school the following Thursday morning.
"B. The non-residential parent shall have the children on alternating weekends. The non-residential parent shall pick up the children at school on Friday after school and shall have the children until Sunday before dinner, then return the children to the residential parent Sunday before dinner. This weekend schedule shall alternate every other weekend."
While Section 61.13, Florida Statutes (1982), does mandate that parental responsibility of minor children shall be shared in the absence of a finding, not present here, that shared parental responsibility would be detrimental to the children, § 61.13(2)(b)2, it does not mandate that the physical residence of the children is to be shifted back and forth between the parents as a necessary concomitant of shared parental responsibility. Indeed, the statute itself envisions that there is to be a primary physical residence for the children, the place of which is to be determined by reference to the nonexclusive factors enumerated in Section 61.13(3). Thus, although the best interests of the children in the present case may be well served by ordering that parental responsibility be shared, that is, that "both parents retain full parental rights and responsibilities with respect to their [children] and ... confer so that major decisions affecting the welfare of the child will be determined jointly," § 61.13(2)(b)2.a, their best interests were not, under the evidence in this record, well served by attempting to accomplish *62 this goal by alternating the children's primary physical residence.
Courts of this state have consistently held that the best interests of children are not served by custodial arrangements which require the children to move back and forth between the residences of their parents. See, e.g., Hurst v. Hurst, 158 Fla. 43, 27 So.2d 749 (1946); Scott v. Scott, 401 So.2d 879 (Fla. 3d DCA 1981); Bienvenu v. Bienvenu, 380 So.2d 1164 (Fla. 3d DCA 1980); Wonsetler v. Wonsetler, 240 So.2d 870 (Fla. 2d DCA 1970); Julian v. Julian, 188 So.2d 896 (Fla. 2d DCA 1966); Rudolph v. Rudolph, 146 So.2d 397 (Fla. 3d DCA 1962). See also Agudo v. Agudo, 411 So.2d 249 (Fla. 3d DCA), rev. denied, 418 So.2d 1278 (Fla. 1982) (successive temporary custody arrangements); Unger v. Unger, 306 So.2d 540 (Fla. 3d DCA 1975) (same). The Shared Parental Responsibility Act is not, as appellee contends, a legislative repeal of these cases or a declaration that rotating the residences of children is in their best interest. Sharing parental rights and responsibilities is now presumptively in the best interest of children; rotating the primary physical residence of children remains presumptively not in their best interest. See Bienvenu v. Bienvenu, 380 So.2d 1164 (Fla. 3d DCA 1980) (a divided custody arrangement may be approved when justified by some particular circumstance which would tend to ameliorate its undesirable effects).
Accordingly, the final judgment is reversed insofar as it makes the parties "joint primary physical residential parents" with directions that the trial court determine which parent shall be the children's primary residential parent with reasonable rights of visitation in the parent who is not the primary residential parent.
Reversed in part and remanded.
NOTES
[1] While the proceedings were pending, the custody of the children was alternated between the parents on a weekly basis.