436 So.2d 326 (1983)
Jerri L. ILJAZI, Appellant,
v.
Mevlud T. ILJAZI, Appellee.
No. 82-2048.
District Court of Appeal of Florida, Second District.
August 12, 1983.
*327 David L. Levy, Largo, for appellant.
Brian E. Johnson and Walter J. McNichols, Clearwater, for appellee.
OTT, Chief Judge.
On October 29, 1980, the marriage of appellant and appellee was dissolved in Pinellas County, Florida. There were two children, ages three and one, at the time of dissolution.
The parties had entered into a comprehensive separation agreement providing, inter alia, for support, medical care, private school education, and primary custody of the two children in the mother (appellant), with liberal specific visitation periods and rights for the father (appellee), including taking the children to visit the appellee's parents in Yugoslavia from time to time.
The appellant was employed. She waived all rights to alimony except for $5,000 lump sum alimony which was originally to be paid out of the proceeds of the sale of the marital home but was later paid by the appellee in cash. The separation agreement was modified accordingly by order of the trial court dated December 10, 1980.
Both parties remarried, and the appellant moved to Texas with her new husband, while appellee continued to reside in the former marital home with his new wife.
On May 24, 1982, the appellee petitioned the trial court to award primary custody of the two children to him. The appellant also moved for and secured an order releasing to her child support payments being held in appellee's attorneys' trust account.
In 1982 the legislature of the State of Florida mandated shared parental responsibility under the conditions and limitations set forth in section 61.13, Florida Statutes (Supp. 1982). The law specifically provided that it would apply to all proceedings under chapter 61, Florida Statutes, Dissolution of Marriage, pending on the effective date of the law, July 1, 1982. Ch. 82-96, § 3, Laws of Florida.
Appellee's motion for change of child custody came on for hearing on August 24, 1982. The children were now ages five and three years. The trial court heard considerable testimony concerning the living conditions and habits of the parties  some favorable and some questionable as to each party.
At the conclusion of the hearing the trial court orally pronounced:
The Court finds as of July 1, 1982 the policy of this state, the public policy of the state as it relates to child support is embodied in the amendment of Chapter [61], Florida Statutes, under the section dealing with equal parental responsibility.
Again in his written order dated September 3, 1982, the trial court stated that:
[T]he court ... finds regarding the Motion for Change of Child Custody that the primary criteria is not the unfitness of the parent but the best interest of the children as is now the law of this State effective July 1, 1982, more specifically Chapter 61.13 which grants shared parental responsibility.
The court further finds that [appellant's] ... position with her current husband is unstable and further that she has lived in seven (7) places in the last twenty (20) months since the divorce and ... that [appellee's] employment and residence has been stable since 1973, coupled with the finding of this court that [appellant] ... has been less than cooperative regarding rights of visitation to the [appellee] with the children and finds that the best interests of the children would be served by granting the primary residence to the [appellee]... .
*328 The trial court thereupon ordered shared parental responsibility with primary physical residence of the children with appellant during the school year and with appellee during summer vacation and other specific visitation periods and conditions. At no place in his oral conclusions at the end of the hearing or in his written order of September 3, 1982, did the trial court find or indicate that he felt a material change of circumstances had occurred since the original Final Judgment of Dissolution of Marriage warranting a change of custody of the children.
Florida's new shared responsibility law alone is not a sufficient basis for ordering a change in the custody of children where the question has been litigated and determined in a prior proceeding. The evidence must support and the trial court must find a material change in circumstances which, in the best interests of the child or children, requires a change of their custody from the parent previously awarded custody. See e.g., Culpepper v. Culpepper, 408 So.2d 782 (Fla. 2d DCA 1982), and Alonso v. Alonso, 432 So.2d 174 (Fla. 3d DCA 1983).
It appearing that the trial court mistakenly concluded a material change in circumstances was not required in a custody modification proceeding under section 61.13, Florida Statutes, we VACATE the order and REMAND for reconsideration in the light of this opinion. If a material change has occurred, shared parental responsibility can then be granted.
Nothing herein should preclude the court from the taking of further testimony on the issue.
RYDER and DANAHY, JJ., concur.