440 So.2d 623 (1983)
Betty Jane TALLENT, Appellant,
v.
John Mark TALLENT, Appellee.
No. 83-78.
District Court of Appeal of Florida, Second District.
November 16, 1983.
Robert M. Chambers, Winter Haven, for appellant.
John W. Frost, II, of Frost, Purcell & Lilly, P.A., Bartow, for appellee.
SCHEB, Judge.
Betty Jean Tallent challenges a postjudgment order alternating the custody of the parties' two minor children. We find no significant change of circumstances to substantiate the modification. Therefore, we reverse.
The husband and wife were married in 1969. They have two children, ages eleven and seven. On July 30, 1981, the husband and wife negotiated a comprehensive separation and property settlement agreement which included provisions for custody and formed the basis of the final judgment of dissolution rendered on September 8, 1981. The final judgment recited:
That both parties are fit and proper persons to have the custody of the children awarded unto them, however it is in the best interest of the children that the Wife be the custodial parent subject to reasonable and liberal visitation rights in favor of the Husband.
Less than one year after the dissolution, the husband petitioned the court to modify the child custody provisions or in the alternative, to determine his visitation rights with specificity.[1] At the hearing on the husband's petition, the husband and wife were the only witnesses. After hearing the parties' testimony, the trial court in its order of December 15, 1982, concluded that:
[T]here has been a sufficient change of circumstances to substantiate a modification of the Final Judgment as to custody. There have been some difficulties with visitation. In addition, the older boy has a serious problem that is inappropriate *624 for his age, which is more amply described in the record. Under the present plan of visitation the children are in the father's home as "visitors" for four days each month and the father has not had the anticipated impact on the development of the children.
The court also stated that:
It appears to this Court that the Legislature, in passing the Shared Parental Responsibility Act, has attempted to change the entire concept of custody in dissolution of marriage actions rather than simply change the labels. In this case, all of the factors favor not only shared parental responsibility but rotating custody.
The trial court recognized that the Shared Parental Responsibility Act applies only to proceedings pending on July 1, 1982, the effective date of the Act. The court, nevertheless, ordered rotating custody on a yearly basis with liberal visitation rights to the noncustodial parent during the "off years."
A trial court has broad discretion in matters involving child custody, but it has less discretion in modifying the custody provisions of a final judgment than in making the original custody determination. Culpepper v. Culpepper, 408 So.2d 782 (Fla. 2d DCA 1982). Therefore, the question on appeal is whether the evidence before the trial court supports a finding that subsequent to the final judgment there has been a material change of circumstances which, in the best interest of the children, requires modification. Iljazi v. Iljazi, 436 So.2d 326 (Fla. 2d DCA 1983). See also Strickland v. Wedekind, 436 So.2d 250 (Fla. 5th DCA 1983).
Traditionally, orders requiring alternating or rotating custody have been met with disfavor in the courts. Bienvenu v. Bienvenu, 380 So.2d 1164 (Fla. 3d DCA 1980). At least one district has held that even under the new statute "the best interests of children are not served by custodial arrangements which require the children to move back and forth between the residences of their parents." Frey v. Wagner, 433 So.2d 60 (Fla. 3d DCA 1983).
In ordering a modification of custody, the trial judge relied on four factors. First, the parties were experiencing some difficulties with visitation. These difficulties could have been addressed by the court specifying visitation rights rather than by ordering rotating custody. Second, while the court mentioned that the older child had a serious problem inappropriate for his age, the evidence revealed that this problem had existed for several years prior to the dissolution of the parties' marriage. Third, the court noted that the children were in the father's home as "visitors" for four days each month. It appears, however, that the husband had agreed to such limited visitation rights in the separation agreement which was incorporated into the final judgment. Finally, the court recited that the father has not had the anticipated impact on the development of his children. However, the parties had agreed to the wife's having primary custody of the children, and we think that the father's lessened impact on the children's development was a reasonably foreseeable consequence in such a situation.
From our review of the record, we conclude that the evidence supports the trial court's factual findings. We disagree, however, with the court's conclusion that a substantial change of circumstances was presented to justify a modification of the child custody order. Culpepper v. Culpepper; Sanders v. Sanders, 376 So.2d 880 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1117 (Fla. 1980).
Accordingly, we vacate the order modifying custody. Since the court did not reach the husband's request for determination of visitation privileges, we remand with directions that it now address that issue. The court may, in its discretion, receive further evidence on the issue concerning visitation rights.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The wife filed a counterpetition seeking increased child support, which the trial court denied in its order of December 15, 1982. While the wife appeals that order, she claims error only on the issue of modification of custody.