RYDER, Chief Judge.
Marcia Sue Ballah appeals from the trial court’s order modifying the parties’ 1981 Michigan divorce and custody decree. The Michigan decree awarded custody of the parties’ minor child to Ballah. The court below modified the order, awarding each parent custody of the child for alternate six-month periods until the child reaches six years of age. The court specified that it would review custody when the child attained six years of age.
The trial judge expressed his belief that section 61.13(2)(b)2, Florida Statutes (1983), applied to this case mandating equal shared responsibility unless it would be detrimental to the welfare of the child. The court determined that the child’s best interests would be served by equal shared responsibility and equal shared custody. We disagree that section 61.13, Florida Statutes (1983), applies and reverse and remand with instructions.
The relevant statutory provisions are as follows. Section 61.13(2)(b)2, Florida Statutes (1983), provides:
*925 2. The court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child. If the ■court determines that shared parental responsibility would be detrimental to the child, the court may order sole parental responsibility.
a. “Shared parental responsibility” means that both parents retain full parental rights and responsibilities with respect to their child and requires both parents to confer so that major decisions affecting the welfare of the child will be determined jointly. In ordering shared parental responsibility, the court may consider the expressed desires of the parents and may grant to one party the ultimate responsibility over specific aspects of the child’s welfare or may divide those aspects between the parties based on the best interests of the child. When it appears to the court to be in the best interests of the child, the court may order or the parties may agree how any such responsibility will be divided. Such areas of responsibility may include primary physical residence, education, medical and dental care, and any other responsibilities which the court finds unique to a particular family and/or in the best interests of the child.
Section 61.13(3) lists factors which the trial court is to consider and evaluate in determining the best interests of the child for purposes of shared parental responsibility. Section 61.13(5) states the legislative intent that the provisions of section 61.13 are to be liberally construed. Finally, it is noted that the relevant statutory provisions apply to all proceedings under Chapter 61, Florida Statutes, pending on July 1, 1982, the effective date of the enacting law.
The Michigan divorce and custody decree was rendered in September 1981. In November 1982, Glen Kurt Poole, the former husband and the father of the minor child whose custody is at issue, filed in the circuit court the petition for permanent or temporary change of custody of the child from Ballah to himself. The trial court modified the Michigan decree in May 1983.
When the decision below was made, the highly regarded trial judge in this case did not have the benefit of our opinion in Iljazi v. Iljazi, 436 So.2d 326 (Fla. 2d DCA 1983). In Iljazi, the mother had obtained custody of the parties’ two minor children pursuant to a separation agreement; the marriage was dissolved in October 1980. In May 1982, the father petitioned the trial court for primary custody of the children. In September 1982, the trial court entered an order granting the father’s petition. The trial court noted that Chapter 61.13 grants shared parental responsibility if it is in the best interests of the children, and that unfitness of the parent is not the primary criterion.
We reversed the trial court’s decision in Iljazi finding that the “shared parental responsibility law alone is not a sufficient basis for ordering a change in the custody of children where the question has been litigated and determined in a prior proceeding.” 436 So.2d at 328. We further stated that “a material change in circumstances which, in the best interests of the child or children, requires a change of their custody from the parent previously awarded custody” must be found by the trial court before a prior custody order may be modified. Id.
We hold that Iljazi is controlling in the case now before us and reverse the decision below. See also Tallent v. Tallent, 440 So.2d 623 (Fla. 2d DCA 1983); Strickland v. Wedekind, 436 So.2d 250 (Fla. 5th DCA 1983); Frey v. Wagner, 433 So.2d 60 (Fla. 3d DCA 1983); Alonso v. Alonso, 432 So.2d 174 (Fla. 3d DCA 1983); and Malchiodi v. Malchiodi, 431 So.2d 301 (Fla. 3d DCA 1983). On remand, the trial court shall reconsider the evidence and determine whether a material change in circumstances has occurred which requires, in the best interests of the child, a change of custody.
REVERSED and REMANDED with instructions.
GRIMES and SCHOONOVER, JJ., concur.