The Honorable William W. Herring Chairman Judge Civil Division Broward County Courthouse, Room 359 201 Southeast 6th Street Fort Lauderdale, Florida 33301
Dear Judge Herring:
You have asked my opinion on substantially the following question:
 May a marriage license be issued for one or more persons under the age of eighteen when the written consent of only the custodial parent has been obtained?
In summary, I am of the opinion that:
 The written consent of both parents is required before a marriage license may be issued for a person under the age of eighteen, where both parents share parental responsibility of the minor and where the parent to whom primary residence of the minor has been given, has not been granted ultimate responsibility over this specific aspect of the child's welfare by the court.
Section 741.0405(1), F.S., provides in pertinent part:
 If either of the parties shall be under the age of 18 years but at least 16 years of age, the county court judge or clerk of the circuit court shall issue a license for the marriage of such party only if there is first presented and filed with him the written consent of the parents or guardian of such minor to such marriage, acknowledged before some officer authorized by law to take acknowledgements and administer oaths.
This office, in considering similar language in earlier statutes requiring the consent of the parents in order to issue a marriage license to minors, concluded that when the parents are divorced only the consent of the parent who has custody of the child is required.[1] For example, in AGO 46-239,[2] one of my predecessors in office stated:
 If the parents of the minor are living together, and thus in effect the minor is in custody of both parents, or if divorced and the joint custody of the minor is given to both parents . . . it would be necessary to require the written consent of both parents.
 The . . . former attorney general . . . ruled that in case the parents of the said minor are divorced and the custody and control of the minor is given to one parent, then only the parent having custody and control of the minor should be be required to give the written consent. I concur in this opinion.
While the statutes have changed since these opinions were written,[3] the pertinent language requiring the consent of the parents has remained substantially unchanged.
You ask whether the conclusion reached in these early Attorney General's Opinions remains the same in light of the changes in the law relating to dissolution of marriage and child custody, specifically s. 61.13(2)(b)2., F.S.
Section 61.13, F.S., was amended in 1982 to provide for shared parental responsibility;[4] as amended, the statute states that "[i]t is the public policy of this state to . . . encourage parents to share the rights and responsibilities of childrearing."[5]
Thus, s. 61.13(2)(b)2., F.S., provides:
 The court shall order that the parental responsibility for a minor child shall be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child. . . . If the court determines that shared parental responsibility would be detrimental to the child, it may order sole parental responsibility. . . .
In ordering shared parental responsibility, the court may grant to one party the ultimate responsibility over specific aspects of the child's welfare or may divide those aspects between the parties based upon the best interests of the child.[6] When it is in the best interests of the minor child, however, the court shall order sole parental responsibility, with or without visitation rights, to the other parent.[7]
Prior to the changes in Ch. 61, F.S., in 1982, the courts had recognized that the grant of custody of a child of divorced parents carried with it, in the absence of some extraordinary and unusual circumstances, the right of the custodial parent to make certain decisions regarding the child.[8]
Under the new parental responsibility law, s. 61.13, F.S., however, the courts have held that the statute "contemplates that joint decisions regarding a child shall continue to be made after a dissolution by both parents, without regard to whom the primary physical residence has been given."[9] In light of these changes in the law, I can no longer conclude that s. 741.0405(1), F.S., must be interpreted in such a way as to require only the consent of the parent to whom primary physical residence of the child has been granted.
Accordingly, where both parents share parental responsibility for a minor child and where the parent to whom the primary residence of the child has been given has not been granted ultimate responsibility over this aspect of the child's welfare by the court, I am of the opinion, until legislative or judicially clarified, that the written consent of both parents is required pursuant to s. 741.0405, F.S.
You specifically ask whether the consent of both parents would be required when the consent of the noncustodial parent is impractical to obtain; for example, when the parent lives out-of-state. I cannot conclude that the fact that consent may be difficult to obtain deprives the parent of his or her parental rights under the statutes or removes the statutory requirement that the written consent of the parents be given.
A more difficult situation is presented in your second factual situation when the whereabouts of one parent are unknown. Where, however, the court, pursuant to Ch. 61, F.S., has ordered shared parental responsibility and has not granted to the "custodial" parent the ultimate responsibility over this aspect of the child's welfare, this office cannot conclude that the signature of the custodial parent alone is sufficient. The Legislature, however, may wish to address these issues by amendatory legislation.[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, 1949-1950 Biennial Report of the Attorney General 566, AGO 49-122; 1939-1940 Biennial Report of the Attorney General 46, AGO 39-369 (statute requiring consent of parents when party seeking marriage license is under twenty-one years of age "should be construed so as to require only the consent of the parent having custody and control of the minor before a marriage license could be issued to such a minor").
[2] 1945-1946 Biennial Report of the Attorney General 723.
[3] See, 1945-1946 Biennial Report of the Attorney General 723, AGO 46-239, stating that s. 741.04, F.S. 1941, requiring the written consent of the parents, was derived from the Compiled General Laws 1927, ss. 5848 and 5850. Section 5848 required the consent of the parent while s. 5850 required the consent of the parents. "The compilers of the Florida Statutes, 1941, combined the said Sections 5848 and 5850 into one section, 741.04, and retained the requirement of the written consent `of the parents.'"
 Chapter 78-266, Laws of Florida, deleted the provision in s. 741.04, F.S., pertaining to the marriage of minors and created s. 741.0405, F.S.
[4] See, s. 1, Ch. 82-96, Laws of Florida, which rewrote s.61.13(2)(b), F.S., to provide, among other things, for shared parental responsibility. "Shared parental responsibility" was defined by the act to mean that both parents retain full parental rights and responsibilities with respect to their child and required both parents to confer so that major decisions affecting the welfare of the child would be determined jointly. See, s.61.13(2)(b)2.a, F.S., 1983. In 1986, however, s. 61.13, F.S., was amended by s. 118, Ch. 86-220, Laws of Florida, and the above definition was deleted from the statute.
 And see, "Shared Parental Responsibility and Residence Restrictions in Florida," 38 U.Fla.L.Rev. 117, 118, n. 4 and 5 (1986), which noted that in Florida the courts use the term "shared parental responsibility" rather than "joint custody," and which, quoting Folberg, Custody Overview, in Joint Custody and Shared Parenting 3 (J. Folberg ed. 1984), stated: The distinguishing feature of joint custody is that both parents retain legal responsibility and authority for the care and control of the child, much as in an intact family. Joint custody upon divorce is defined here as an arrangement in which both parents have equal rights and responsibilities regarding major decisions and neither parent's rights are superior. Joint custody basically means providing each parent with an equal voice in the children's education, upbringing, religious training, nonemergency medical care, and general welfare. The parent with whom the child is residing at the time must make immediate and day-to-day decisions regarding discipline, grooming, diet, activities, scheduling social contacts, and emergency care.
[5] Section 61.13(2)(b)1., F.S.
[6] Section 61.13(2)(b)2.a, F.S. The subparagraph provides that "[a]reas of responsibility" may include primary residence, education, medical and dental care, and any other responsibilities which the court finds unique to a particular family.
[7] Section 61.13(2)(b)2.b, F.S. Cf., Frey v. Wagner, 433 So.2d 60
(3 D.C.A. Fla., 1983) (presumption is that shared parenting is in best interests of child).
[8] See, e.g., Connelly v. Connelly, 409 So.2d 175 (2 D.C.A.Fla., 1982) (custodial parent has right to make decision regarding child's education); Peterseil v. Peterseil, 307 So.2d 498 (3 D.C.A.Fla., 1975).
[9] Markham v. Markham, 485 So.2d 1299, 1300 (5 D.C.A.Fla., 1986); and see, Wheeler v. Wheeler, 501 So.2d 729 (1 D.C.A.Fla., 1987).
[10] Compare, s. 63.072(1), F.S., which provides that the court may excuse the consent of a parent who has abandoned a child to an adoption.