PER CURIAM.
Charles Wayne Nelson appeals a final order that awarded primary residential custody of the parties’ minor child to him. Appellant contends that the trial court erred in establishing a visitation schedule which constitutes a so-called “split custody” arrangement. We cannot agree and affirm.
Appellant and Shana Osgood, appel-lee, were not married to each other and, following the termination of their cohabitation, the child born to the parties resided with the appellant, the father. When a mutually acceptable custody arrangement could not be achieved, the appellant filed a “custody petition” in the lower court. Following an evidentiary hearing in the cause, the lower court issued a final order naming the appellant as primary residential custodian of the minor child, but awarding the appellee three overnight visits with the child per week. At the hearing, the lower court received evidence that the appellant was required to work on weekends and scheduled his days off during the normal work week. Under the visitation schedule, the child visits with the appellee on Fridays, Saturdays and Sunday nights.
We do not agree with appellant that this visitation schedule amounts to “split custody,” which is disfavored in the law. See Wilking v. Reiford, 582 So.2d 717 (Fla. 5th DCA 1991). “Split custody” or “rotating custody” is just that — where custody of a child is transferred from one parent to the other, usually for long periods of time. See for example, Wilking v. Reiford, supra (one parent enjoyed custody for a year then custody was transferred to the other parent for a year); Hurst v. Hurst, 158 Fla. 43, 27 So.2d 749 (1946) (primary residential custody rotated every six months); Scott v. Scott, 401 So.2d 879 (Fla. 3d DCA 1981) (primary residential custody rotated after six months to the other parent who was to enjoy residential custody for three months).
The policy in Florida is to encourage “frequent and continuing visitation” with the non-eustodial parent. § 61.13(3), Fla.Stat. (1995). While the weekend visitation ordered may prove difficult once the child at *1287 tains school age, such a visitation schedule is not without precedent, compare Kopec v. Severance, 658 So.2d 1060 (Fla. 5th DCA 1995), rev. denied, 666 So.2d 901 (Fla.1996). Because we cannot say that reasonable men could not differ as to the propriety of the order under review, we are constrained to affirm. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
Accordingly, the order under review is AFFIRMED.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.