911 So.2d 170 (2005)
Maria Esther RODRIGUEZ, Appellant,
v.
Anthony D. WILLIAMS, Appellee.
No. 3D04-982.
District Court of Appeal of Florida, Third District.
August 17, 2005.
Rehearing Denied October 5, 2005.
Peter S. Adrien; Morgan, Lewis & Bockius and Erik W. Scharf and Andrew B. Boese, Miami, for appellant.
*171 Lisa A. Baird, Miami, for appellee.
Before FLETCHER, WELLS, and SUAREZ, JJ.
FLETCHER, Judge.
Appellant Maria Esther Rodriguez seeks to reverse the Final Judgment of Paternity, Primary Residence of minor Child, Timesharing and Child Support and the Amended Final Judgment of Paternity, Primary Residence of minor Child, Time-sharing and Child Support rendered by the trial court in favor of appellee Anthony D. Williams. We affirm.
The two parties were never married, but together had a minor child. In August 2002, Williams and his son from a previous relationship moved in with Rodriguez and her two children from previous relationships. In May 2003, Williams left the home due to irreconcilable differences with Rodriguez. Williams continued to visit the minor child daily so long as Rodriguez permitted it. In June 2003, Rodriguez allegedly informed Williams that she did not want him to visit the child anymore. Williams then filed a Petition to Determine Paternity and for Primary Residence of the Child. The trial court at a final hearing heard evidence from both parties to determine the primary residence of the minor child. The trial court entered a final order designating Williams as the primary residential parent. The trial court also gave the parties split time with the child until 2008, when Rodriguez' time with the child would reduce substantially because the child would be entering school. Rodriguez here appeals the trial court order.
The record before us reflects that the trial court considered the factors set forth in chapter 61, Florida Statutes, for evaluating the welfare and best interests of the child in its determination of custody. Florida law indicates that in child custody cases, the trial courts are accorded with broad judicial discretion in evaluating factors affecting the best interests of the child as enumerated in § 61.13(3). State ex rel. Sparks v. Reeves, 97 So.2d 18 (Fla.1957). In addition, no appellate court may overturn a trial court's custody decision unless there is no substantial competent evidence to support the decision. See Unger v. Unger, 306 So.2d 540 (Fla. 3d DCA 1975)(trial court has wide discretion in child custody determinations, so that appellate court will not disturb its findings unless error is clearly made to appear); see also Young v. Hector, 740 So.2d 1153 (Fla. 3d DCA 1998) (if there is substantial competent evidence to support the trial court's determination . . . a trial court cannot be deemed to have abused its discretion and its ruling must be left undisturbed on appeal).
The record does not support Rodriguez' claim that the trial court in this case abused its discretion in entering the order designating Williams as the primary residential parent and the ultimate decisionmaker for educational and medical purposes. The trial court was well within its discretion as substantial competent evidence exists to support the decision. We therefore affirm the trial court's ruling.
Affirmed.