# Third District Court of Appeal
## State of Florida

Opinion filed July 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-402
Lower Tribunal No. 23-10448-FC-04
_____

**Natascha Aabbott,**
Appellant,

vs.

**Israel Kligman,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Wasson & Associates, Chartered, and Roy D. Wasson, for appellant.

No appearance, for appellee.[1]

Before EMAS, GORDO and BOKOR, JJ.

GORDO, J.

---

[1] Appellee was precluded from filing an answer brief after failing to comply with this Court's order.

Natascha Aabbott ("Mother") appeals a non-final order, issued following a two-day evidentiary hearing, awarding Israel Kligman ("Father") two supervised overnights with the parties' minor child.[2] We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(iii)(b). For the reasons that follow, we affirm.

In its well-reasoned order, the trial court ruled that it was in the best interests of the child to award the Father two supervised overnight visits. This conclusion is supported by competent substantial evidence presented over the course of the two-day evidentiary hearing. Accordingly, we find the trial court did not abuse its discretion. See § 61.13(2)(c), Fla. Stat. ("The court shall determine all matters relating to parenting and time-sharing of each minor child of the parties in accordance with the best interests of the child[.]"); Perez v. Maldonato, 324 So. 3d 1011, 1013 (Fla. 3d DCA 2021) ("A trial court's order on timesharing is typically reviewed for an abuse of discretion."); Young v. Hector, 740 So. 2d 1153, 1157 (Fla. 3d DCA 1998) ("An appellate court must affirm if there is substantial competent evidence to support the trial court's finding that the custody award was in the best interests of the child."); Rodriguez v. Williams, 911 So. 2d 170, 171 (Fla. 3d

---

[2] The order under review grants the Father's verified urgent motion to implement the guardian ad litem and social investigator's recommendation for supervised overnight timesharing.

2

DCA 2005) ("The record before us reflects that the trial court considered the factors set forth in chapter 61, Florida Statutes, for evaluating the welfare and best interests of the child in its determination of custody. Florida law indicates that in child custody cases, the trial courts are accorded with broad judicial discretion in evaluating factors affecting the best interests of the child as enumerated in § 61.13(3). In addition, no appellate court may overturn a trial court's custody decision unless there is no substantial competent evidence to support the decision. The record does not support [Appellant's] claim that the trial court in this case abused its discretion in entering the order [under review]. The trial court was well within its discretion as substantial competent evidence exists to support the decision. We therefore affirm the trial court's ruling."); Saenz v. Sanchez, 390 So. 3d 71, 72-73 (Fla. 3d DCA 2023) (affirming trial court's temporary child custody and timesharing decision because it relied on competent substantial evidence, including evidence and testimony demonstrating the best interests of the children).

While the Mother strongly urges us that the trial court erroneously ignored the opinion of her expert witness, it is well within the trier of fact's purview to weigh and resolve any inconsistencies and conflicts in the evidence. "This weighing process is for the trier of fact, not this court." Peacock v. Farmers & Merchs. Bank, 454 So. 2d 730, 735 (Fla. 1st DCA

3

1984).  "The only question here is whether substantial competent evidence supports the factual findings made below."  Id.; see also Richardson v. Everbank, 152 So. 3d 1282, 1287-88 (Fla. 4th DCA 2015) ("[T]he appellate court does not re-weigh the evidence or assess whether it is possible to recite contradictory record evidence which supports arguments rejected below, nor does it retry the case or substitute its judgment for the trial court's on factual matters supported by competent, substantial evidence[.]" (quoting Lahodik v. Lahodik, 969 So. 2d 533, 535 (Fla. 1st DCA 2007))); Meyers v. Meyers, 295 So. 3d 1207, 1213 (Fla. 2d DCA 2020) ("The credibility of witnesses is within the trial court's exclusive purview.  It is inappropriate for an appellate court to reweigh the evidence and credibility of witnesses.  And so we defer to the trial court as to issues of credibility.").  As competent substantial evidence supports the trial court's decision that the supervised overnight timesharing would be in the child's best interests, we cannot conclude that the trial court abused its discretion.  Thus, we affirm.

Affirmed.